1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
6  Santa Monica, CA 90401-2386
   Telephone: (310) 576-2100 // Facsimile: (310) 576-2200
7
   Attorneys for Defendants
8  Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
9  27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
10 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

11           **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

14 | BARBARA WALDRUP, individually, | Case No. 2:13-cv-08833-CAS-AGR
   and on behalf of other members of the | (Lead Case)
15 general public similarly situated,

   | (Consolidated with Case No. 2:16-cv-
16                    Plaintiffs, | 4166-CAS-AGR)

17      v. | **DECLARATION OF KAZIM A.
              NAQVI IN SUPPORT OF
18 COUNTRYWIDE FINANCIAL | DEFENDANTS' MOTION FOR
   CORPORATION, a Delaware | LEAVE TO AMEND TO FILE A
19 corporation, COUNTRYWIDE HOME | SECOND AMENDED ANSWER**
   LOANS, a New York corporation;
20 COUNTRYWIDE BANK, N.A., a | [Filed concurrently with Motion for
   national association, BANK OF | Leave to Amend to File Second
21 AMERICA CORPORATION, a | Amended Answer; [Proposed] Order;
   Delaware corporation, LANDSAFE | Proof of Service]
22 INC., a Delaware corporation;
   LANDSAFE APPRAISAL INC., a | District Court Judge: Christina A.
23 California corporation, | Snyder

24                    Defendants. | Magistrate Judge: Alicia G.
                                     Rosenberg
25
                                    | Date:  October 21, 2019
26                                   Time:  10:00 a.m.
                                     Place.: Courtroom 8D
27
                                    | Action Filed: November 27, 2013
28                                   Trial Date:  January 14, 2020

---

DECLARATION OF KAZIM A. NAQVI IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND
TO FILE A SECOND AMENDED ANSWER

USA\600716142.1

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ELIZABETH WILLIAMS, *et al.*,

      Plaintiffs,

   v.

COUNTRYWIDE FINANCIAL
CORPORATION, *et al.*,

      Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DECLARATION OF KAZIM A. NAQVI IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND
TO FILE A SECOND AMENDED ANSWER

USA\600716142.1

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

I, Kazim A. Naqvi, declare:

1.     I am a lawyer and associate in the law firm Bryan Cave Leighton Paisner LLP, counsel of record for defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans") ("CHL"), Countrywide Financial Corporation, Bank of America, N.A., as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.) ("BANA"), Bank of America Corporation, LandSafe, Inc., and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as "Landsafe Appraisal Inc.") ("LSA") (collectively, "Defendants"). The facts set forth here are true based on my own personal knowledge.  I submit this Declaration in support of Defendants' Motion for Leave to Amend to File a Second Amended Answer (the "Motion").

2.     On May 29, 2019, Defendants' counsel sent a cover letter to Plaintiffs' counsel enclosing Notices of Depositions and Deposition Subpoenas to absent class members Karo Karepetyan, Gregory Davidov, Patrick McSkimmings, Tarun Patel, and Juan C. Zaragoza (the "Absent Class Member Deponents"). True and correct copies of the May 29th cover letter and enclosed Subpoenas are attached hereto as **Exhibit A.**

3.     During a meet and confer telephone call on June 6, 2019, Defendants' counsel articulated the reasoning behind the noticed depositions of the Absent Class Member Deponents, including that the testimony sought is relevant to Defendants' unclean hands defense.

4.     The Parties participated in a discovery conference with Magistrate Judge Rosenberg on July 14th (the "July 14 Discovery Conference"). A true and correct copy of the certified transcript from the July 14 Discovery Conference is attached hereto as **Exhibit B.**

5.     The Parties also participated in another discovery conference with

1   Magistrate Judge Rosenberg on July 18, 2019.  During that conference, Defendants
2   advised the Court of the importance and relevance of their unclean hands defense.

3         6.     On August 12, 2019, Defendants' counsel served a cover letter to
4   Plaintiffs' counsel, enclosing the Proposed Second Amended Answer and a Joint
5   Stipulation and Proposed Order to File Defendants' Proposed Second Amended
6   Answer.  True and correct copies of Defendants' August 12, 2019 cover letter and
7   enclosures are attached hereto as **Exhibit C**.

8         7.     On August 13, 2019, Plaintiffs' counsel responded to Defendants'
9   counsel's August 12 letter, wherein he refused to enter into the proposed stipulation.
10  A true and correct copy of Plaintiffs' counsel's August 13, 2019 e-mail is attached
11  hereto as **Exhibit D**.

12        8.     A true and correct copy of the proposed Second Amended Answer to
13  be filed is attached hereto as **Exhibit E**.

14        9.     A true and correct copy of a redline, showing the difference between
15  the current First Amended Answer and the proposed Second Amended Answer, is
16  attached hereto as **Exhibit F**.

17        10.    The LandSafe Appraisal Independence Hotline Log reports were
18  produced to Plaintiffs between November 2015 and July 2016.

19        I declare under penalty of perjury under the laws of the United States of
20  America that the foregoing is true and correct.

21        Executed this 13th day of September 2019, at Santa Monica, California.

22

23                                */s/ Kazim A. Naqvi*
24                                  Kazim A. Naqvi

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# EXHIBIT A

# EXHIBIT A



BRYAN
CAVE
LEIGHTON
PAISNER

May 29, 2019

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway  Suite 300
Santa Monica  CA 90401 2386
T: +1 310 576 2100
F: +1 310 576 2200
www.bclplaw.com

Linda C. Hsu
Direct: 310/576-2192
Fax: 310/260-4192
linda.hsu@bryancave.com

Evan Zucker, Esq.
Baron & Budd, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

Christopher R. Pitoun, Esq.
Hagens Berman Sobol Shapiro LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101

**VIA E-MAIL**

Re:     **Notices of Depositions of Putative Class Members**
*Williams, et al. v. Countrywide Fin. Corp., et al., Case No. 16-CV-4166 CAS (AGR)*
*Waldrup, et al. v.  Countrywide Fin. Corp., et al., Case No. 13-CV-8833 CAS (AGR)*

Dear Counsel:

Enclosed are Notices of Depositions and Subpoenas to Testify at Depositions in a Civil Action issued to the below listed individuals.  Please let us know if you will represent these putative class members and whether you will accept service of the Subpoenas on their behalves.  We have selected dates for the depositions consistent with the pending discovery cut-off, but we will work with you to select mutually agreeable dates and times in June to the extent possible.  Due to the pending discovery cut-off, if we do not hear from you within 48 hours of this communication, we will presume you will not accept service of the Subpoenas, in which case we will proceed with serving the Subpoenas on these putative class members directly.

| Name | Last Known Address |
|------|--------------------|
| Karo Karapetyan | 11130 Runnymede St., #101, Sun Valley, CA 91352 |
| Gregory Davidov | 3336 Dona Rosa Dr., Studio City, CA 91604 |
| Patrick McSkimmings | 27484 Buffalo Grass Pt, #58, Calhan, CO 80808 |
| Tarun Patel | 2601 La Frontera Blvd, Apt. 3314, Round Rock, TX 78681 |
| Juan C. Zaragoza | 9938 Belfast Ave, El Paso, TX 79925 |

Sincerely,

Attachments

LCH/js

12718974

Evan Zucker
Christopher R. Pitoun
May 29, 2019
Page 2



cc:     Daniel Alberstone, Esq.
        Roland Tellis, Esq.
        Mark Pifko, Esq.
        Steve W. Berman, Esq.
        Thomas E. Loeser, Esq.

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
6  Santa Monica, CA 90401-2386
   Telephone: (310) 576-2100 // Facsimile: (310) 576-2200
7
   Attorneys for Defendants
8  Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
9  27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
10 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

11             **IN THE UNITED STATES DISTRICT COURT**

12             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 BARBARA WALDRUP, individually,         Case No. 2:13-cv-08833-CAS-AGR
   and on behalf of other members of the   (Lead Case)
14 general public similarly situated,
                                           (Consolidated with Case No. 2:16-cv-
15               Plaintiffs,               4166-CAS-AGR)
16        v.                               **NOTICE OF DEPOSITION OF**
   COUNTRYWIDE FINANCIAL              **KARO KARAPETYAN**
17 CORPORATION, a Delaware
   corporation, COUNTRYWIDE HOME      Date:   June 17, 2019
18 LOANS, a New York corporation;     Time:   10:00 a.m.
   COUNTRYWIDE BANK, N.A., a          Place:  120 Broadway, Suite 300
19 national association, BANK OF      Santa Monica, CA 90401
   AMERICA CORPORATION, a
20 Delaware corporation, LANDSAFE
   INC., a Delaware corporation;
21 LANDSAFE APPRAISAL INC., a
   California corporation,
22               Defendants.
23 ELIZABETH WILLIAMS, et al.,
24               Plaintiffs,
25        v.
   COUNTRYWIDE FINANCIAL
26 CORPORATION, et al.,
27               Defendants.
28

12718113

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 17, 2019 at 10:00 a.m., at 120 Broadway, Suite 300, Santa Monica, CA 90401, Defendants will take the deposition of Karo Karapetyan, pursuant to the Subpoena to Testify at a Deposition in a Civil Action attached hereto as Exhibit A.

The deposition will be taken pursuant to the Federal Rules of Civil Procedure, conducted upon oral examination before a notary public, a certified shorthand reporter, or other officer duly authorized to administer oaths, and will continue from day to day, weekends and holidays exempted, until complete.

PLEASE TAKE FURTHER NOTICE that Defendants intend to cause the proceedings to be recorded stenographically, using technology that permits the instant visual display of the testimony received (e.g. "LiveNote"), and intend to cause the proceedings to be recorded by videotape. Defendants reserve the right to use the videotaped deposition as evidence, including at trial.

Dated: May 29, 2019         BRYAN CAVE LEIGHTON PAISNER LLP


By: _ /s/ Linda C. Hsu
            Linda C. Hsu
            Attorneys for Defendants
            Countrywide Home Loans, Inc.; Countrywide
            Financial Corporation; Bank of America,
            N.A., as successor by April 27, 2009 de jure
            merger with Countrywide Bank, FSB
            (formerly known as Countrywide Bank,
            N.A.); Bank of America Corporation;
            LandSafe, Inc.; and LandSafe Appraisal
            Services, Inc. (now known as "CoreLogic
            Valuation Solutions, Inc.")

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

Barbara Waldrup
_____
            *Plaintiff*
            v.
_____
Countrywide Financial Corporation, et al.
_____
            *Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:13-CV-08833-CAS-AGRx

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Karo Karapetyan

[You may be represented by class counsel in connection with this matter, who may be contacted as follows: Evan Zucker, Baron & Budd, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, CA 91436, (818) 839-2333; and Christopher Pitoun, Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101, (213) 330-7150.]

_____
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 120 Broadway, Suite 300 Santa Monica, CA 90401 | Date and Time: June 17, 2019 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  Stenographically with instant visual display and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 29, 2019

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ Linda C. Hsu
_____
*Attorney's signature*
Linda C. Hsu

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Countrywide Home Loans, Inc., et al. _____, who issues or requests this subpoena, are: Bryan Cave Leighton Paisner, LLP, 120 Broadway, #300, Santa Monica, CA 90401; linda.hsu@bclplaw.com; (310) 576-2100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

Robert E. Boone III, SBN 132780
reboone@bclplaw.com
Douglas A. Thompson, SBN 155619
douglas.thompson@bclplaw.com
Linda C. Hsu, SBN 239880
linda.hsu@bclplaw.com
Kazim A. Naqvi, SBN 300438
kazim.naqvi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:  (310) 576-2100 // Facsimile: (310) 576-2200

Attorneys for Defendants
Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
Countrywide Financial Corporation; Bank of America, N.A., as successor by April
27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
Countrywide Bank, N.A.); Bank of America Corporation;  LandSafe, Inc.; and
LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation; COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE INC., a Delaware corporation; LANDSAFE APPRAISAL INC., a California corporation,<br><br>Defendants. | Case No. 2:13-cv-08833-CAS-AGR (Lead Case)<br><br>(Consolidated with Case No. 2:16-cv-4166-CAS-AGR)<br><br>**NOTICE OF DEPOSITION OF GREGORY DAVIDOV**<br><br>Date:    June 17, 2019<br>Time:    2:00 p.m.<br>Place:   120 Broadway, Suite 300<br>Santa Monica, CA 90401 |
| ELIZABETH WILLIAMS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

12718261

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  **TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that on June 17, 2019 at 2:00 p.m., at 120

3  Broadway, Suite 300, Santa Monica, CA 90401, Defendants will take the deposition

4  of Gregory Davidov, pursuant to the Subpoena to Testify at a Deposition in a Civil

5  Action attached hereto as Exhibit A.

6  　　　The deposition will be taken pursuant to the Federal Rules of Civil Procedure,

7  conducted upon oral examination before a notary public, a certified shorthand

8  reporter, or other officer duly authorized to administer oaths, and will continue from

9  day to day, weekends and holidays exempted, until complete.

10  　　　PLEASE TAKE FURTHER NOTICE that Defendants intend to cause the

11  proceedings to be recorded stenographically, using technology that permits the

12  instant visual display of the testimony received (e.g. "LiveNote"), and intend to

13  cause the proceedings to be recorded by videotape.  Defendants reserve the right to

14  use the videotaped deposition as evidence, including at trial.

15
16  Dated:  May 29, 2019　　　　　　　　BRYAN CAVE LEIGHTON PAISNER LLP

17
18  　　　　　　　　　　　　　By: _ /s/ Linda C. Hsu
　　　　　　　　　　　　　　　Linda C. Hsu
19  　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　Countrywide Home Loans, Inc.; Countrywide
20  　　　　　　　　　　　　　　　Financial Corporation; Bank of America,
　　　　　　　　　　　　　　　N.A., as successor by April 27, 2009 de jure
21  　　　　　　　　　　　　　　　merger with Countrywide Bank, FSB
　　　　　　　　　　　　　　　(formerly known as Countrywide Bank,
22  　　　　　　　　　　　　　　　N.A.); Bank of America Corporation;
　　　　　　　　　　　　　　　LandSafe, Inc.; and LandSafe Appraisal
23  　　　　　　　　　　　　　　　Services, Inc. (now known as "CoreLogic
　　　　　　　　　　　　　　　Valuation Solutions, Inc.")
24
25
26
27
28

12718261

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara Waldrup<br>*Plaintiff*<br>v.<br>Countrywide Financial Corporation, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 2:13-CV-08833-CAS-AGRx

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Gregory Davidov

[You may be represented by class counsel in connection with this matter, who may be contacted as follows: Evan Zucker, Baron & Budd, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, CA 91436, (818) 839-2333; and Christopher Pitoun, Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101, (213) 330-7150.]

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 120 Broadway, Suite 300<br>Santa Monica, CA 90401 | Date and Time:<br>June 17, 2019 at 2:00 p.m. |
|---|---|

The deposition will be recorded by this method:  Stenographically with instant visual display and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 29, 2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Linda C. Hsu |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Linda C. Hsu |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Countrywide Home Loans, Inc., et al._____, who issues or requests this subpoena, are: Bryan Cave Leighton Paisner, LLP, 120 Broadway, #300, Santa Monica, CA 90401; linda.hsu@bclplaw.com; (310) 576-2100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                              *Server's signature*

                                     _____
                                              *Printed name and title*

                                     _____
                                              *Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

Robert E. Boone III, SBN 132780
reboone@bclplaw.com
Douglas A. Thompson, SBN 155619
douglas.thompson@bclplaw.com
Linda C. Hsu, SBN 239880
linda.hsu@bclplaw.com
Kazim A. Naqvi, SBN 300438
kazim.naqvi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:  (310) 576-2100 // Facsimile: (310) 576-2200

Attorneys for Defendants
Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
Countrywide Financial Corporation; Bank of America, N.A., as successor by April
27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
Countrywide Bank, N.A.); Bank of America Corporation;  LandSafe, Inc.; and
LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation; COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE INC., a Delaware corporation; LANDSAFE APPRAISAL INC., a California corporation,<br><br>        Defendants. | Case No. 2:13-cv-08833-CAS-AGR (Lead Case)<br><br>(Consolidated with Case No. 2:16-cv-4166-CAS-AGR)<br><br>**NOTICE OF DEPOSITION OF PATRICK McSKIMMINGS**<br><br>Date:   June 19, 2019<br>Time:   10:00 a.m.<br>Place:  90 S. Cascade Ave., Suite 1300, Colorado Springs, CO 80903 |
| ELIZABETH WILLIAMS, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 19, 2019 at 10:00 a.m., at 90 S. Cascade Ave., Suite 1300, Colorado Springs, CO 80903, Defendants will take the deposition of Marsha Levine, pursuant to the Subpoena to Testify at a Deposition in a Civil Action attached hereto as Exhibit A.

The deposition will be taken pursuant to the Federal Rules of Civil Procedure, conducted upon oral examination before a notary public, a certified shorthand reporter, or other officer duly authorized to administer oaths, and will continue from day to day, weekends and holidays exempted, until complete.

PLEASE TAKE FURTHER NOTICE that Defendants intend to cause the proceedings to be recorded stenographically, using technology that permits the instant visual display of the testimony received (e.g. "LiveNote"), and intend to cause the proceedings to be recorded by videotape.  Defendants reserve the right to use the videotaped deposition as evidence, including at trial.

Dated:  May 29, 2019                    BRYAN CAVE LEIGHTON PAISNER LLP


By:   /s/ Linda C. Hsu
         Linda C. Hsu
         Attorneys for Defendants
         Countrywide Home Loans, Inc.; Countrywide
         Financial Corporation; Bank of America,
         N.A., as successor by April 27, 2009 de jure
         merger with Countrywide Bank, FSB
         (formerly known as Countrywide Bank,
         N.A.); Bank of America Corporation;
         LandSafe, Inc.; and LandSafe Appraisal
         Services, Inc. (now known as "CoreLogic
         Valuation Solutions, Inc.")

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

12718331

2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Barbara Waldrup | ) | |
| _Plaintiff_ | ) | Civil Action No. 2:13-CV-08833-CAS-AGRx |
| v. | ) | |
| Countrywide Financial Corporation, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Patrick McSkimmings

    [You may be represented by class counsel in connection with this matter, who may be contacted as follows: Evan Zucker, Baron & Budd, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, CA 91436, (818) 839-2333; and Christopher Pitoun, Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101, (213) 330-7150.]

*(Name of person to whom this subpoena is directed)*

    ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 90 S. Cascade Avenue, Suite 1300<br>Colorado Springs, CO 80903 | Date and Time:<br>June 19, 2019 at 10:00 a.m. |
|---|---|

    The deposition will be recorded by this method:  <u>Stenographically with instant visual display and videotape</u>

    ☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>May 29, 2019</u>

        *CLERK OF COURT*

                         OR

| | /s/ Linda C. Hsu |
|---|---|
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |
| | Linda C. Hsu |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Defendants</u>
<u>Countrywide Home Loans, Inc., et al.</u>              , who issues or requests this subpoena, are:
<u>Bryan Cave Leighton Paisner, LLP, 120 Broadway, #300, Santa Monica, CA 90401; linda.hsu@bclplaw.com; (310) 576-2100</u>

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
6  Santa Monica, CA  90401-2386
   Telephone:   (310) 576-2100 // Facsimile: (310) 576-2200
7
   Attorneys for Defendants
8  Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
9  27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation;  LandSafe, Inc.; and
10 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

11              **IN THE UNITED STATES DISTRICT COURT**

12              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 BARBARA WALDRUP, individually,        | Case No. 2:13-cv-08833-CAS-AGR
   and on behalf of other members of the  | (Lead Case)
14 general public similarly situated,
                                          | (Consolidated with Case No. 2:16-cv-
15              Plaintiffs,               | 4166-CAS-AGR)

16        v.                             | **NOTICE OF DEPOSITION OF**
                                          | **TARUN PATEL**
17 COUNTRYWIDE FINANCIAL
   CORPORATION, a Delaware              | Date:    June 19, 2019
18 corporation, COUNTRYWIDE HOME        | Time:    10:00 a.m.
   LOANS, a New York corporation;       | Place:   515 Congress Ave., Suite 1700
19 COUNTRYWIDE BANK, N.A., a            |          Austin, TX 78701
   national association, BANK OF
20 AMERICA CORPORATION, a
   Delaware corporation, LANDSAFE
21 INC., a Delaware corporation;
   LANDSAFE APPRAISAL INC., a
22 California corporation,

              Defendants.

23 ELIZABETH WILLIAMS, et al.,

24              Plaintiffs,

25        v.

26 COUNTRYWIDE FINANCIAL
   CORPORATION, et al.,

27              Defendants.

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 19, 2019 at 10:00 a.m., at 515 Congress Ave., Suite 1700, Austin, TX 78701, Defendants will take the deposition of Tarun Patel, pursuant to the Subpoena to Testify at a Deposition in a Civil Action attached hereto as **Exhibit A**.

The deposition will be taken pursuant to the Federal Rules of Civil Procedure, conducted upon oral examination before a notary public, a certified shorthand reporter, or other officer duly authorized to administer oaths, and will continue from day to day, weekends and holidays exempted, until complete.

PLEASE TAKE FURTHER NOTICE that Defendants intend to cause the proceedings to be recorded stenographically, using technology that permits the instant visual display of the testimony received (e.g. "LiveNote"), and intend to cause the proceedings to be recorded by videotape.  Defendants reserve the right to use the videotaped deposition as evidence, including at trial.

Dated:  May 29, 2019                    BRYAN CAVE LEIGHTON PAISNER LLP


By: /s/ Linda C. Hsu
    Linda C. Hsu
    Attorneys for Defendants
    Countrywide Home Loans, Inc.; Countrywide
    Financial Corporation; Bank of America,
    N.A., as successor by April 27, 2009 de jure
    merger with Countrywide Bank, FSB
    (formerly known as Countrywide Bank,
    N.A.); Bank of America Corporation;
    LandSafe, Inc.; and LandSafe Appraisal
    Services, Inc. (now known as "CoreLogic
    Valuation Solutions, Inc.")

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barbara Waldrup _____ <br> *Plaintiff* <br> v. <br> Countrywide Financial Corporation, et al. _____ <br> *Defendant* | Civil Action No. 2:13-CV-08833-CAS-AGRx |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Tarun Patel

> [You may be represented by class counsel in connection with this matter, who may be contacted as follows: Evan Zucker, Baron & Budd, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, CA 91436, (818) 839-2333; and Christopher Pitoun, Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101, (213) 330-7150.]

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 515 Congress Ave., Suite 1700 <br> Austin, TX 78701 | Date and Time: <br> June 19, 2019 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  Stenographically with instant visual display and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 29, 2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Linda C. Hsu <br> _____ <br> *Attorney's signature* <br> Linda C. Hsu |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Countrywide Home Loans, Inc., et al. _____ , who issues or requests this subpoena, are:
Linda C. Hsu, Bryan Cave Leighton Paisner, LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401;
linda.hsu@bclplaw.com; (310) 576-2100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

                                    _____
                                          *Server's signature*

                                    _____
                                       *Printed name and title*

                                    _____
                                       *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
6  Santa Monica, CA 90401-2386
   Telephone: (310) 576-2100 // Facsimile: (310) 576-2200
7
   Attorneys for Defendants
8  Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
9  27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
10 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

11              **IN THE UNITED STATES DISTRICT COURT**

12              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 | BARBARA WALDRUP, individually, | Case No. 2:13-cv-08833-CAS-AGR
14 | and on behalf of other members of the | (Lead Case)
   | general public similarly situated,
15 |                                    | (Consolidated with Case No. 2:16-cv-
   |              Plaintiffs,           | 4166-CAS-AGR)
16 |
   | v.                                 | **NOTICE OF DEPOSITION OF**
17 | COUNTRYWIDE FINANCIAL             | **JUAN C. ZARAGOZA**
   | CORPORATION, a Delaware
18 | corporation, COUNTRYWIDE HOME     | Date:  June 21, 2019
   | LOANS, a New York corporation;     | Time:  10:00 a.m.
19 | COUNTRYWIDE BANK, N.A., a          | Place: 221 N. Kansas, Suite 505
   | national association, BANK OF      |        El Paso, TX 79901
20 | AMERICA CORPORATION, a
   | Delaware corporation, LANDSAFE
21 | INC., a Delaware corporation;
   | LANDSAFE APPRAISAL INC., a
22 | California corporation,
   |              Defendants.
23 |
   | ELIZABETH WILLIAMS, et al.,
24 |              Plaintiffs,
   |
25 | v.
   |
26 | COUNTRYWIDE FINANCIAL
   | CORPORATION, et al.,
27 |              Defendants.

28

12709823

NOTICE OF DEPOSITION OF JUAN ZARAGOZA

1   TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that on June 21, 2019 at 10:00 a.m., at 221 N.

3   Kansas, Suite 505, El Paso, Texas 79901, Defendants will take the deposition of

4   Juan C. Zaragoza, pursuant to the Subpoena to Testify at a Deposition in a Civil

5   Action attached hereto as **Exhibit A**.

6   The deposition will be taken pursuant to the Federal Rules of Civil Procedure,

7   conducted upon oral examination before a notary public, a certified shorthand

8   reporter, or other officer duly authorized to administer oaths, and will continue from

9   day to day, weekends and holidays exempted, until complete.

10   PLEASE TAKE FURTHER NOTICE that Defendants intend to cause the

11   proceedings to be recorded stenographically, using technology that permits the

12   instant visual display of the testimony received (e.g. "LiveNote"), and intend to

13   cause the proceedings to be recorded by videotape.  Defendants reserve the right to

14   use the videotaped deposition as evidence, including at trial.

15

16   Dated:  May 29, 2019            BRYAN CAVE LEIGHTON PAISNER LLP

17

18                                 By:   /s/ Linda C. Hsu
                                         Linda C. Hsu
19                                       Attorneys for Defendants
                                         Countrywide Home Loans, Inc.; Countrywide
20                                       Financial Corporation; Bank of America,
                                         N.A., as successor by April 27, 2009 de jure
21                                       merger with Countrywide Bank, FSB
                                         (formerly known as Countrywide Bank,
22                                       N.A.); Bank of America Corporation;
                                         LandSafe, Inc.; and LandSafe Appraisal
23                                       Services, Inc. (now known as "CoreLogic
                                         Valuation Solutions, Inc.")
24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

Barbara Waldrup
_____
*Plaintiff*
v.

Countrywide Financial Corporation, et al.
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:13-CV-08833-CAS-AGRx

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Juan C. Zaragoza

[You may be represented by class counsel in connection with this matter, who may be contacted as follows: Evan Zucker, Baron & Budd, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, CA 91436, (818) 839-2333; and Christopher Pitoun, Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101, (213) 330-7150.]

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 221 N. Kansas, Suite 505<br>El Paso, TX 79901 | Date and Time:<br>June 21, 2019 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographically with instant visual display and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 29, 2019

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Linda C. Hsu
_____
*Attorney's signature*
Linda C. Hsu

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Countrywide Home Loans, Inc., et al.                                  , who issues or requests this subpoena, are:
Linda C. Hsu, Bryan Cave Leighton Paisner, LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401; linda.hsu@bclplaw.com; (310) 576-2100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT B

# EXHIBIT B

1

<pre>
 1                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
 2                    WESTERN DIVISION - LOS ANGELES

 3

 4   BARBARA WALDRUP,              )   Case No. CV 13-8833-CAS  (AGRx)
                                   )
 5          Plaintiff,            )    Los Angeles, California
                                   )   Friday, June 14, 2019
 6          v.                     )
                                   )   TELEPHONIC HEARING
 7   COUNTRYWIDE FINANCIAL         )
     CORPORATION, et al.,          )
 8                                 )
            Defendants.            )
 9   _____ )
     ELIZABETH WILLIAMS, et al., ) Case No. CV 16-4166-CAS  (AGRx)
10                                 )
            Plaintiffs,            )
11                                 )
               v.                  )
12                                 )
     COUNTRYWIDE FINANCIAL         )
13   CORPORATION, et al.,          )
                                   )
14          Defendants.            )
     _____ )
15

16                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE ALICIA G. ROSENBERG,
17              UNITED STATES MAGISTRATE JUDGE.

18   Appearances:            See Page 2

19   Deputy Clerk:           Karl Lozada

20   Court Reporter:         Recorded; CourtSmart

21   Transcription Service:  JAMS Certified Transcription
                             16000 Ventura Boulevard #1010
22                           Encino, California   91436
                             (661) 609-4528
23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
</pre>

2

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:        Baron & Budd, PC
                               By:   EVAN M. ZUCKER
 4                             15910 Ventura Boulevard, Suite 1600
                               Encino, California  91436
 5                             (818) 839-2333
                               ezucker@baronbudd.com
 6

 7

 8   For the Defendants:       Bryan Cave Leighton Paisner LLP
                               By:   DOUGLAS A. THOMPSON
 9                                   LINDA C. HSU
                                     KAZIM A. NAQVI
10                             120 Broadway, Suite 300
                               Santa Monica, California  90401
11                             (310) 576-2100
                               douglas.thompson@bclplaw.com
12                             linda.hsu@bclplaw.com
                               kazim.naqvi@bclplaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        LOS ANGELES, CALIFORNIA, FRIDAY, JUNE 14, 2019

2              THE CLERK:  Good morning, counsel.  This is Karl,

3     the courtroom deputy to Judge Rosenberg.

4              So I want to confirm I have Mr. Evan Zucker on the

5     line for the plaintiffs?

6              EVAN ZUCKER:  Yes.  That's correct.

7              THE CLERK:  And then I have Mr. Thompson on the

8     line for the defendants; is that correct?

9              DOUGLAS A. THOMPSON:  That's correct, and also I

10    have with me my colleagues Linda Hsu and Kazim Naqvi for the

11    defendants.

12             THE CLERK:  Thank you.  And that should be

13    everyone?

14             Okay, counsel --

15             MR. THOMPSON:  I believe so.

16             THE CLERK:  Okay, counsel.  We're here on the

17    record for Case Nos. CV 13-8833-CAS (AGR) and Case No. CV 16-

18    4166-CAS (AGR), *Barbara Waldrup and Elizabeth Williams,*

19    *et al. v. Countrywide Financial Corporation, et al.*

20             Counsel, please formally state your appearances for

21    the record.

22             MR. ZUCKER:  Good morning.  This is Evan Zucker

23    from Baron & Budd on behalf of plaintiffs and the certified

24    class.

25             MR. THOMPSON:  Good morning.  This is

4

 1   Douglas Thompson of Bryan Cave Leighton Paisner, along with

 2   my colleagues Linda Hsu and Kazim Naqvi, on behalf

 3   defendants.

 4          THE COURT:  All right.  This is Judge Rosenberg.

 5          So I've looked at the parties' joint agenda, and I

 6   was wondering if the defendant could give me some -- a little

 7   more detail about the nature of the discovery that you're

 8   seeking from the absent class members.

 9          MR. THOMPSON:  Yes, Your Honor.  Of course.  Good

10   morning, and thank you for taking the time with us today.

11          We have requested and the subject of the dispute is

12   five notices of deposition for five absent class members, and

13   in the meet-and-confer with the plaintiffs' counsel regarding

14   their opposition to the taking of those depositions, we've

15   outlined what we think are the appropriate factors under the

16   *Aldapa* matter and other, you know, case law that's applicable

17   in this subject area.

18          We believe that the absent class members have facts

19   that are relevant and probative to our establishment of

20   defenses to the prima facie case elements that plaintiffs

21   intend to prove to certified class claims, RICO and Texas

22   unjust enrichment, and we believe that the absent class

23   members have unique facts that will go to help establish

24   defendants' defenses to those claims and also will help

25   establish, potentially, affirmative defenses that the

5

1   defendants may assert:

2          We also believe that those absent class members

3   have facts that cannot be obtained from the main plaintiffs

4   and they cannot actually be obtained from defendants' records

5   or other third-party sources which are less invasive, and so

6   we believe that under the standards which are, you know, very

7   nicely outlined under the *Aldapa* ruling by Judge Boone in the

8   Eastern District we have -- we can establish necessity for

9   the discovery, we can establish that there is not an improper

10  burden on the absent class members, and we can establish that

11  there's a proper purpose for the discovery.

12          And we are -- you know, we have issued five

13  deposition notices.  Plaintiffs have not asserted that they

14  have made any outreach -- at least in the meet-and-confer as

15  of June 6th, they had not made any outreach to the absent

16  class members.  They did not discuss with us that there's any

17  calendar problem with the depositions going forward.  They

18  did not agree to accept service for the absent class members

19  so we confirmed with them after the meet-and-confer that,

20  given their position, we would go ahead and serve.  We

21  reassured them that we'd have no subsequent communication

22  with the absent class members because we appreciated that

23  they are represented by counsel, and so we have gone ahead

24  and done that, and we believe under the discovery rules

25  applicable in the Ninth Circuit that these depositions should

1   go forward.

2          THE COURT:  Can you give me any additional detail?

3   I mean, I've looked at a few of these cases, and they usually

4   have something describing the purpose of the depositions that

5   is not just the RICO conclusions, but, you know, for example

6   I looked at one where the depositions were, you know, for the

7   purpose of rebutting a survey that the plaintiffs did.  You

8   know, there are all kinds of reasons, but it's not -- it's --

9   you know, you're giving me -- you're telling me the right

10  things, but I'm not sure that I understand exactly what's --

11  what it is you're doing or why it is you're doing --

12         MR. THOMPSON:  Your Honor, we very much appreciate

13  that, and we are happy to give the Court whatever additional

14  detail the Court would like with a caveat that we hope the

15  Court can appreciate, and we will respect your judgment in

16  this regard.

17         We believe that the specific topics we would like

18  to cover during the deposition is our work product, it's our

19  strategy, it's our investigation.  We don't believe it's

20  appropriate to have to telegraph to the plaintiffs in advance

21  of those depositions what the subject matter is, what the

22  questions are.  It is an adversarial system.  You know, they

23  have not telegraphed to us or given us an outline of any

24  deposition they've taken in the case.

25         So we discussed in the meet-and-confer, and, in

1 fairness, Mr. Zucker asked for some additional detail, and we

2 were reticent to provide that at that time, and what we told

3 Mr. Zucker during the meet-and-confer is that, if the Court

4 wanted that additional detail, we would ask that it be

5 delivered to the Court on an ex parte basis, in camera or in

6 some manner that you see fit, and that, if in the final

7 analysis Your Honor's perspective is today that you need to

8 hear it on this telephone call, we can give you some

9 additional detail, but we think that prejudices our position

10 in the case with all due respect.

11       THE COURT:  Well, when are these depositions

12 noticed?

13       MR. THOMPSON:  They're noticed for next week.

14       And I should also update the Court that on the 11th

15 -- or two or three days ago, plaintiffs issued a letter to us

16 that they're refusing to appear, that neither the clients nor

17 counsel would appear.  The letter does not specifically

18 reference the, you know, discovery requests -- the joint

19 discovery conference requests, although the objections that

20 they served does.  So we have a -- and we'll remind the Court

21 we have a discovery cutoff of July 1st.  So, you know, we

22 need to move forward with --

23       THE COURT:  Right.  Well -- I'm -- I would like to

24 hear whether there's any objection to the defendant

25 submitting in camera to the Court the topics that they intend

1  to cover at the deposition.

2          MR. ZUCKER:  Thank you, Your Honor.  This is

3  Evan Zucker for the plaintiffs.

4          On that point, yes, I absolutely have an objection.

5  If there is information submitted on an in camera, ex parte

6  basis, then I have no ability to test or assess that

7  information to determine, you know, whether or not there

8  exist arguments in contravention of the taking of these

9  depositions.

10          I would note that, you know, one of the things

11  counsel indicated is that because the work product that they

12  allege they have about, you know, how to take these

13  depositions plays into how this is an adversarial system, and

14  I would note for the Court under the McPhail case and the

15  Aldapa case both there are several factors and the -- that

16  the defendants need to make an affirmative showing related to

17  those factors, and both of those formulations of those

18  factors, in one form or another, include the element that the

19  -- that responding to the discovery would not require the

20  assistance of counsel, and obviously, you know, putting aside

21  that, you know, taking a deposition and sitting for a

22  deposition and potentially being asked questions at sort of

23  -- perhaps not requires but definitely would be assisted by

24  the presence of counsel.

25          But to the extent that this is going to be an

1 adversarial deposition, certainly counsel would need to be

2 present, need to understand the basis for it and I --

3 ultimately speaking, you know, I think the platitudes and

4 conclusory statements that defendants have offered thus far

5 about their need for these depositions simply fall well short

6 of the case law requirement for some establishment of need

7 for these depositions.

8             THE COURT:  Well, I didn't actually --

9             MR. THOMPSON:  Your Honor --

10            THE COURT:  -- understand that this was going to be

11 an issue so I really didn't look at this question.

12 Obviously, I've seen cases that ordered the depositions of

13 absent class members to go forward.  So I don't think there's

14 anything about the format of the deposition that is somehow

15 precluded under any formulation of the standards, and I know

16 that various district courts have used various different

17 formulations, and I thought -- you know, I thought that's

18 what we were going to be talking about and not this

19 particular question, especially with the July 1st cutoff

20 date, that there was some problem with disclosing any

21 information to the other side about what the general subject

22 matter was.

23             I mean, frankly, when you look at these decisions,

24 they disclose a sufficient amount about what the purpose of

25 these depositions are, and I assume they did that because the

10

1  parties actually debated this and didn't do this in camera.

2  So I'm a little bit -- you know, I'm not sure there's any

3  authority that would permit an in camera submission.  I'm not

4  asking for a list of questions -- I don't think anybody went

5  that far -- but at least some idea of the claims at issue or

6  what it is that you think the absent class members can give

7  you -- what it is -- general subjects, not specific --

8           MR. THOMPSON:  Yeah and Your --

9           THE COURT:  -- facts.

10          MR. THOMPSON:  I'm sorry.  Go ahead, Your Honor.

11          THE COURT:  Yeah.  No, I'm done.

12          MR. THOMPSON:  Okay.  Sorry to interrupt.  I

13  thought you had finished.

14          Look, we're happy to do that, and we're happy to do

15  that right now.

16          I do want to address one of the comments that

17  counsel made, though, with regard to the standards in the

18  case law, and Your Honor astutely picked up on it.

19          Certainly, the Aldapa case permitted depositions to

20  go forward, permitted 15 depositions to go forward in an

21  unlimited manner as to absent class members.

22          I think the citation to McPhail is a little bit

23  misleading because no class had been certified in that case

24  at that point, and so, technically, the absent class members

25  were not yet represented.  Counsel here, clearly, represents

11

1   the class, and so I think that's a bit of a red herring as to

2   burden.

3          With regard to the subject matter --

4          THE COURT:  Yeah.  I kind of agree.  I mean, I'll

5   tell you I sort of like the simpler -- I mean, I looked at

6   the different cases that had specific factors.  I kind of

7   like this *Arredondo* case, where they just said that discovery

8   from absent class members may be permitted when reasonably

9   necessary, not conducted for an improper purpose and not

10  unduly burdensome in the context of the case and its issues.

11         Now, that case came up with this after reviewing

12  three different formulations of standards, citing *McPhail* and

13  *McCarthy*.  You know, I mean, they just went through

14  everything -- three factors, four factors, five factors.  But

15  I kind of like this formulation because I think it reflects,

16  basically, the proportionality concerns and addresses the

17  concern that, if you just permitted unlimited or extensive

18  discovery, you would actually end up defeating the purpose of

19  the class action itself, which is to avoid having these --

20  you know, a joinder of small claims.

21         So I think -- you know, keep in mind that concern,

22  but on the other hand, you know, the cases are also concerned

23  to permit the defendants the opportunity to actually make

24  their defenses and gather evidence so that the plaintiffs'

25  evidence doesn't have to stand unrebutted under the rubric of

12

1   "you can't take discovery from absent class members."   I

2   mean, so we have to balance both of these things, and I'm

3   prepared to do that, but I need more information, and if --

4   Mr. Thompson, if you're prepared to do that on the record

5   today, that would certainly be helpful.

6           MR. ZUCKER:   Your Honor, prior to that, I'd like to

7   address the comments that you just made.

8           So, one, in the *Arredondo* case, if you'll remember,

9   the sort of primary and motivating factor for the discovery

10   was that the absent class members had submitted declarations

11   in that case, and I think, if you look through the *Aldapa v.*

12   *Fowler Packing* case the defendants are to some extent relying

13   on here, you'll see a fairly extensive list of cases in which

14   courts struggled with this issue in one form or another and

15   all, if not the vast majority, of those that allow discovery

16   from absent class members are circumstances where just that

17   has happened.   Either a declaration or an affidavit of some

18   kind has been submitted on behalf of absent class members and

19   the discovery contemplated is to probe or otherwise rebut

20   those submissions from those class members, and what the

21   Court addresses very specifically is that the class members

22   in those cases injected themselves into the litigation in a

23   way that is not present in this case.   None of the absent

24   class members here have submitted declarations or affidavits

25   or otherwise injected themselves into the case.

13

1          And so the point the Court worries about whether or

2     not, you know, use of counsel is necessary, I think that

3     factor was sort of brushed aside to some extent in those

4     cases because, by submitting a declaration, the absent class

5     members had already contacted or been contacted by and used

6     counsel affirmatively, and so we -- that element just doesn't

7     exist here and, I think, needs to be contemplated in the

8     context of a case where no declarations have been submitted,

9     plaintiff is not relying on any information specifically

10    asserted by any of the absent class members, and I think that

11    presents a stark departure from any of the cases in which

12    discovery from absent class members was allowed to proceed.

13          THE COURT:  I think --

14          MR. THOMPSON:  Your Honor, if I may.

15          THE COURT:  You know what?  I don't want to have --

16    first of all, I think trying to have this argument without

17    the predicate, which is what Mr. Thompson is going to give us

18    in terms of the reason that he is seeking this -- these five

19    depositions, is kind of, you know, beside the point because

20    it's fairly hypothetical, and we don't know what we're

21    looking at.

22          And, secondly, I don't read the *Arredondo* case that

23    way.  I think that in that case, you know, the defendants

24    made an argument.  Plaintiffs intended to submit survey

25    evidence in support of some claim or another, and, you know,

14

1  the defendants were concerned that the survey would be

2  biased, and they wanted their chance to do -- to get -- in

3  that case there was 196 depositions so we're talking way more

4  than the ones in -- 5 at issue here -- but to get evidence

5  that they felt, you know, they and their expert would be able

6  to use to rebut what the plaintiffs would show, and that

7  seems perfectly reasonable to me, as it did to that judge.

8        So I don't want to get into the specific facts of

9  every single case.  I'm giving you kind of an overview, but I

10 still think that it is fruitless for us to be having this

11 discussion until we know what Mr. Thompson has mind.

12       So, Mr. Thompson, you have the floor.

13       MR. THOMPSON:  Thank you, Your Honor.  And I won't

14 belabor the point.  It's very well taken.  I will just say

15 the *Aldapa* -- A-l-d-a-p-a -- *v. Fowler Packing* case is cited

16 within *Arredondo*, and I actually find that it does a more

17 fulsome review of the scope of all of the cases in this area,

18 and so I would commend it to the Court first -- you know, for

19 your perusal at some point, but I think your points are very

20 well taken.

21       And so I guess we would, first and foremost,

22 reserve our rights that we at trial can present whatever

23 defenses we believe are appropriate to what the plaintiff

24 comes forward with.  One of the challenges we've had in this

25 case is a discernment of the claims at issue, the avenues of

1 proof.  I won't belabor the arguments and discussions about
2 our multiple requests for a trial plan, which Judge Snyder
3 has not yet granted, but I will give you a couple of context
4 that we believe are appropriate and should enable these
5 depositions to move forward.

6 First, there's a certified class of Texas borrowers
7 with an equitable claim for unjust enrichment.  Several of
8 the deponents we seek to depose are Texas borrowers.  So they
9 are members of that class.  We believe those borrowers
10 engaged in conduct which gives rise to the defense of unclean
11 hands.  Specifically, we believe those plaintiffs -- those
12 absent class members attempted to bribe or otherwise coerce
13 the appraiser.  The claims in the case are that the
14 defendants coerced, bribed, or otherwise corrupted the
15 appraisers.  These facts go directly to the plaintiffs'
16 theory and also would entirely undercut any unjust enrichment
17 claim, where we should not have the recovery by a borrower
18 who actually infected the process him or herself.  That's
19 issue number one.

20 Issue number two with regards to the RICO class is
21 that plaintiffs allege that the enterprise and the scheme
22 corrupted the appraisal process and resulted in damage to the
23 borrowers.  If the borrowers corrupted the process, they did
24 not suffer any damage that was caused by the defendants, they
25 probably didn't suffer any damage at all, because they didn't

1   want a USPAP compliant appraisal.  They wanted a corrupt

2   appraisal.  They had no interest in the process running

3   according to the law.  They wanted the outcome that they

4   wanted.  So there could be no causation under RICO.  We don't

5   know whether plaintiffs would contend, which they may at some

6   point -- I think it's crazy, but they might -- that those

7   borrowers who also tried to corrupt appraisers were somehow

8   part of the scheme or enabled the scheme, but it certainly

9   goes to ultimate liability under the RICO claim, and it also

10  goes to decertification arguments.  As the Court knows, we

11  have a calendar date for a motion for decertification.

12          The other borrowers are not in Texas, but the

13  arguments are very similar.  Each one of the borrowers, we

14  believe, based on the records we do have, which have been

15  produced to the plaintiffs for months, shows that those

16  borrowers injected themselves in the process in a way which

17  was unlawful, and they should not be able to recover in the

18  case.

19          I don't know if the Court -- if that's a sufficient

20  basis for now or if the Court would like to probe with some

21  questions.

22          I also would like to reserve an issue, which is we

23  have continuously been advocating about statute of

24  limitations in the case.  Clearly, if borrowers' conduct was

25  inappropriate or somehow they knew that the appraisal could

1   not have been USPAP compliant by their own actions, their

2   statute of limitations began to tick.  They can't be entitled

3   to any equitable tolling of the statute of limitations.  So

4   that's another aspect of the case -- another aspect that

5   plaintiffs have inserted into litigation and are attempting

6   to rely upon that we don't think can be proved on a classwide

7   basis and certainly can't be proved for any of these five

8   borrowers.

9           THE COURT:  Okay.  I think that that is sufficient

10  for me to understand what the purpose is.

11          So now over to you, Mr. Zucker.

12          MR. ZUCKER:  Thank you, Your Honor.

13          So I'm going to start at the bottom of what

14  Mr. Thompson said with the statute of limitations issue.

15          And I would point out that my ultimate belief is

16  that at a minimum there should be briefing on this issue.  I

17  am hearing these issues for the first time on this call,

18  despite requesting them during a meet-and-confer, and I'm

19  prepared to address them off the cuff here on this call.  I

20  would certainly appreciate the opportunity to address them in

21  more detail after having an opportunity to consider it with

22  my co-counsel.

23          That being said, as it relates to statute of

24  limitations, one of the pretty clear demarcation lines for

25  what is or is not considered a proper purpose of absent class

18

1  member discovery is whether it's designed to limit particular

2  class members or the size of the -- you know, to pick off

3  class members, essentially, and under a statute of

4  limitations theory, if we're talking about, you know, the

5  formulation of it in terms of the discovery rule or knowledge

6  or should have had knowledge about the claims prior to the

7  time period in which the statute would have run, that's a

8  objective standard.  The plaintiffs' particular testimony

9  would be immaterial to that.  If we're talking about it in

10  terms of the subjective portion, whether or not a plaintiff

11  had particular knowledge, then, again, the only relevant use

12  of that testimony would be to exclude an individual

13  plaintiff, which is an improper purpose for absent class

14  member discovery.

15         Moving on from statute of limitations, as it

16  relates to these issues related to potential unclean hand,

17  again, the topline issue here is that defendants are

18  attempting to pick off individual class members, and that is

19  an inappropriate use of absent class member discovery.

20         Additionally, on May 31, 2019, so 14 days ago now

21  or so, defendant served amended supplemental initial

22  disclosures that number into the 50s in terms of pages, and

23  buried within there is an additional category of documents

24  relevant to this case that says (reading) Certain documents

25  relating to other litigation and/or claims brought by

1   putative class members.

2        That category has -- it has become clear on this

3   call was inserted because it is relevant to these absent

4   class members in some way or form.  Obviously, plaintiffs

5   have had no opportunity to prepare a document request related

6   to those documents, received those documents, and then

7   assessed them.

8        This is essentially, in my opinion, nothing but

9   sandbagging on the part of defendants.  Defendants have known

10  about these claims, they have known about any potential

11  impropriety for years, this -- the time period in which this

12  case is about is more than a decade past, and defendants

13  waited to put the relevant documents onto their disclosures

14  until less than a -- or just about a month before the close

15  of discovery and then noticed the depositions less than two

16  weeks after that, and so, ultimately, if anything, this is an

17  emergency created by defendants own making.

18        And, again, to the extent the Court is unsure of

19  how to determine whether or not these depositions should go

20  forward, I would ask for a full opportunity to provide the

21  Court with briefing and analysis of the cases and the facts

22  that I've learned here today.

23        THE COURT:  You know, I understand that request.

24  You know, I have to say that, just listening to this, I'm not

25  sure exactly what you're trying to argue.  Is it that, you

1   know, there -- is your argument that the defendants cannot

2   conduct discovery of unclean hands evidence, if it's out

3   there, because it might reduce the number of class members?

4   I mean, it sounds like you're arguing they can't really

5   conduct any discovery of any defenses because it might

6   undermine your case.  I don't -- I'm sure you don't mean it

7   that broadly, but I'm concerned that this is going way beyond

8   where the cases are.

9           However, I'm -- how much time do you think you need

10  to be able to address this?  I mean, clearly, counsel has a

11  good handle of the legal standards.  So I'm not sure that we

12  need to do a lot of boilerplate.  I think the question is

13  really, you know, how much time do you think you need to

14  apply the law to the facts?

15          MR. ZUCKER:  Well, Your Honor, certainly, if I had

16  known the facts during the meet-and-confer process, I would

17  have had a better opportunity to assess them and potentially

18  begin thoughts on what that briefing would look like, but as

19  it stands, I mean, you know, I'm willing to work with

20  defendants and the Court to prepare a briefing on the

21  schedule that the Court believes is appropriate.  I believe

22  that the plaintiffs have served objections to the deposition

23  subpoenas, and the burden to make the required showing, I

24  believe, would fall on defendants, and so I think it would be

25  in defendants' court to submit some sort of, I don't know,

1  perhaps a motion to compel related to this topic. And then

2  --

3            MR. THOMPSON: Your Honor, with all due respect --

4            MR. ZUCKER: (Indecipherable.)

5            THE COURT: All right. Do you --

6            MR. THOMPSON: -- not working --

7            THE COURT: -- ask, Mr. Thompson, do you waive the

8  opening brief? I mean, obviously, you're going to be --

9  you're moving to compel these five depositions, and so I

10 wonder whether you waive that because you've put your

11 position on the record. We've discussed the case law. I

12 think the real question is what's the opposition to this?

13           MR. THOMPSON: Your Honor, we'd be happy to waive

14 that, but there is one clarification I'd like to make sure

15 the Court is aware of, where Mr. Zucker has, and I'm sure

16 inadvertently, misrepresented the facts.

17           The five deposition notices that were issued -- and

18 we sent with a cover letter on May 29th to Mr. Zucker and

19 counsel. So they've had notice for 2 1/2 weeks, and by the

20 time of June 6th meet-and-confer, they had not made --

21 attempted to make any contact with those absent class members

22 nor investigated in any manner, apparently, what the claims

23 might be. Those five depositions have nothing to do with any

24 external litigation that has been filed by those absent class

25 members. We've identified those class members based on

22

1   records that have been produced in the case for, probably, at

2   least a year.  Mr. Zucker and his team could have gone

3   immediately into all the document production, searched for

4   the names, and found exactly what we have come to learn as

5   well.  I would say that it is -- this case has been morphing

6   over the last four years, five years, and the crystallization

7   of strategy items and argument is an ever-changing process.

8            But I wanted the Court to, you know, make sure that

9   this has -- make sure it understands this has nothing to do

10  with the supplemental disclosure.  We did issue a

11  supplemental disclosure.  We thought that the Court had

12  requested that, essentially, by highlighting in a number of

13  conferences the Rule 26(e) requirements.

14           There are additional absent class members -- five

15  -- who we would like to depose, but they have filed

16  litigation in the 2009 time -- 2009 or '10 timeframe against

17  these defendants on these very claims, and, lo and behold,

18  the Hagens Berman firm, which is co-counsel to Mr. Zucker's

19  firm, represented those plaintiffs.  So I don't think there

20  could be any surprise to the Hagens Berman firm or the

21  Baron & Budd firm what those claims were about, who those

22  people are, and that was added to the disclosure.  So I think

23  that's an entire red herring.

24           But to answer distinctly Your Honor's question, we

25  will certainly waive the opening brief.

23

1          THE COURT:  Okay.  So then over to you, Mr. Zucker.

2   How long do you think it will take you to prepare an

3   opposition?

4          MR. ZUCKER:  And, Your Honor, I believe it would

5   take us two weeks to prepare an opposition.  I think that

6   normally --

7          THE COURT:  That's impossible.  That --

8          MR. ZUCKER:  -- we can probably do it in less.

9   However, on Tuesday, Wednesday, and Thursday of next week,

10  there are depositions already scheduled in this case --

11  several back-to-back depositions, sometimes two in one day

12  scheduled by the defendants, and so, frankly, I just don't

13  know that we'll have an opportunity to adequately prepare the

14  briefing while we're also engaged in the process of preparing

15  for and attending and taking depositions that have been

16  previously scheduled and, I would note, were scheduled

17  without requests from the plaintiffs as with regard to

18  scheduling.

19         So with all due respect, Your Honor, I think it

20  would -- I think we could submit a brief by June 28th.

21         THE COURT:  So you're proposing to take the entire

22  rest of the discovery period, essentially, so that -- well,

23  I'll look into this because I don't want -- I mean, if

24  there's a July 1 date, I want to see what that means.  As

25  long as we have the briefing and I have the ability to order

24

1   the depositions, if necessary, under the judge's order -- so

2   I need to go and look at the terms and conditions of it --

3   then that would be okay with me, but if the deadline is

4   July 1 for all depositions to be completed and you'd like

5   until two days before then to submit the brief, that's really

6   not going to work.  So, I mean --

7           MR. ZUCKER:  Well, Your Honor, I understand the

8   Court's concern; however, defendants scheduled the

9   depositions for next week.  Defendants waited until less than

10  a month before the cutoff for discovery to serve these

11  deposition notices -- or perhaps a month and one day or so.

12  Defendants failed to adequately meet and confer with me about

13  the factual predicate for these depositions before this call,

14  which was just set, you know, two weeks from the close of

15  discovery.  I believe this is an emergency created by the

16  defendants own making, and I don't believe that plaintiffs'

17  due process rights should be impacted by that.

18          THE COURT:  I just don't understand why you would

19  need that much time in order to address -- this is now a very

20  straightforward issue, and it's one that you've confronted

21  before.  I mean, he's talking about borrowers' inequitable

22  conduct or unclean hands with respect to the appraisers.

23  This can't be something new to you.

24          MR. ZUCKER:  Well, I disagree, Your Honor.  This is

25  the first time it's ever been raised in this case.

25

1          MR. THOMPSON:  With all due respect, Your Honor, I

2    don't know if it was these specific borrowers, but in our

3    class-certification opposition, which was filed more than a

4    year ago, probably going on close to two, this notion was

5    addressed.

6          MR. ZUCKER:  Well, Your Honor, what that means is

7    that the --

8          MR. THOMPSON:  -- plaintiffs.

9          MR. ZUCKER:  What that means is that defendants

10   have known about this issue for at least a year, maybe two --

11         THE COURT:  Well, that's my point.  This can't be

12   --

13         MR. ZUCKER:  -- (indecipherable).

14         THE COURT:  That's my point.  This can't be new to

15   the parties.  You're making this sound as though "Wow, I've

16   never heard of this before.  I have no idea what to make of

17   it."  That can't -- that's what I'm saying.  I'm not finding

18   that plausible here.  I think you ought to be able to take a

19   look at this issue in less time than two weeks.

20         But I don't want to belabor this when we don't know

21   -- can someone give me -- I know it's a huge docket -- but

22   where I can find easily the schedule in this case that we're

23   looking at, this July 1 date?  Anyone have a docket number, a

24   date -- something that will make it easier.

25         MR. ZUCKER:  Yeah.  Docket 346 entered on

26

1   March 18, 2019, is the minutes of a statute conference before

2   Judge Snyder that set the discovery cutoff at July 1, 2019.

3           THE COURT:  Well, I think we're in good shape

4   because, in general, her dates mean only that we need to have

5   the hearing, which we have, before that date.  So I think

6   this should work out.  Let me take a look at this, and then

7   I'll issue a minute order that will have the briefing

8   schedule.  Because I think --

9           UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

10          THE COURT:  And, you know, Mr. Zucker, I think it's

11  fairly clear where Mr. Thompson is going.  That's why I asked

12  him if he would waive the opening brief because it seems to

13  me to be very obvious now where his head is with these

14  depositions.  Do you feel the same way?  I mean, is there

15  something that you would want to ask Mr. Thompson before we

16  adjourn?

17          MR. ZUCKER:  Well, to the extent there are any

18  documents previously produced in this case amongst the

19  600,000-plus pages of documents that form some basis or

20  evidence any potential impropriety or unclean hands on behalf

21  of any of the five absent class members that defendant is

22  referring to, I would like those documents identified for me

23  by specific Bates numbers so I can review and assess them.

24          MR. THOMPSON:  Your Honor, with all due respect --

25          THE COURT:   -- yeah --

1          MR. THOMPSON:  -- that's not our obligation.

2          THE COURT:  Right.  I don't know that I can do

3    that.  But what -- your request -- evidence is to me is that

4    you know where this is going.  I don't see why -- your office

5    could probably do the same document search that they've done.

6    I don't know that that's a fair -- I don't think I can

7    reallocate that.  There's no real rule that would, you know,

8    enable me to require the other side to do that work for you.

9          But it sounds, though -- what my concern was I

10   wanted to make sure that you felt as comfortable as I do that

11   I now know where this discovery is going, and, you know,

12   might have been better if it had been disclosed to you in the

13   first place, but I'm not sure -- since you had the meet-and-

14   confer not that long ago, I don't think it's really delayed

15   us very much.

16         So I will look at the -- I'll look at the judge's

17   order and just confirm that, you know, we've already had a

18   hearing on this and that we can go ahead and do this, and

19   then, in that case, I would be more inclined, then, to let

20   the briefing -- give you an opportunity to do the briefing on

21   a more-extended basis because then I would have the ability

22   to order the depositions, if necessary, if that's what I come

23   to, in July.  So we don't have to have a compressed briefing

24   schedule.  That's all I'm trying to say.

25         Okay.  So I will go ahead and do that and then

1  issue a minute order hopefully today.

2          Thank you very much.

3          MR. THOMPSON:   Thank you very much, Your Honor.

4  Have a nice weekend.

5          THE COURT:   Thanks.   You too.

6      (Proceedings adjourned.)

7  ///

8  ///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

29

CERTIFICATE

    I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


/s/ Julie Messa_____          June 17, 2019
Julie Messa, CET**D-403             Date
Transcriber

# EXHIBIT C

# EXHIBIT C

August 12, 2019

BRYAN
CAVE
LEIGHTON
PAISNER

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway  Suite 300
Santa Monica  CA 90401 2386
T: +1 310 576 2100
F: +1 310 576 2200
www.bclplaw.com

Kazim A. Naqvi
Direct: 310/576-2288
Fax: 310/260-7188
kazim.naqvi@bclplaw.com

Daniel Alberstone, Esq.
Evan Zucker, Esq.
Roland Tellis, Esq.
Mark Pifko, Esq.
Baron & Budd, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333

Christopher R. Pitoun, Esq.
Hagens Berman Sobol Shapiro LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150

Steve W. Berman, Esq.
Thomas E. Loeser, Esq.
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292

**VIA E-MAIL AND US MAIL**

Re:   **Joint Stipulation Regarding Defendants' Proposed Second Amended Answer to Plaintiffs' Third Amended Complaint**
*Waldrup, et al. v.  Countrywide Fin. Corp., et al.*, Case No. 13-CV-8833 CAS (AGR)

Dear Counsel:

Please find enclosed the following for your review and approval: 1) Defendants' Proposed Second Amended Answer ("SAA") to Plaintiffs' Third Amended Complaint ("TAC"); and 2) a Joint Stipulation and Proposed Order to file Defendants' Proposed Second Amended Answer.  Defendants request that Plaintiffs sign and return the draft Joint Stipulation on or before August 19, 2019.

Defendants' SAA adds an affirmative defense of unclean hands.  As discussed below, Defendants have apprised Plaintiffs and the Court of their unclean hands defense several times over the past two years. Regardless, the Ninth Circuit has repeatedly held that "[i]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment." *Brady v. Brown*, 50 F.3d 13 (9th Cir. 1995) (holding an affirmative defense of unclean hands can be raised for the first time at summary judgment); *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (holding an affirmative defense of statutory exemption can be raised for the first time at summary judgment);

537792254

Baron & Budd, P.C.
Hagens Berman Sobol Shapiro LLP
August 12, 2019
Page 2



*Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir. 1993) (holding an affirmative defense of qualified immunity can be raised for the first time at summary judgment). Moreover, the Ninth Circuit has allowed litigants to raise affirmative defenses for the first time on motion for summary judgment even where the defense was not raised until after the discovery cutoff. *See Scott v. Garcia,* 370 F. Supp. 2d 1056, 1065 (9th Cir. 2005) (holding a plaintiff was not prejudiced when the defendant raised an affirmative defense after the discovery cut-off because the plaintiff was on notice regarding the affirmative defense in a brief the defendant filed before the discovery cut-off).

Here, Plaintiffs have been placed on notice regarding Defendants' unclean hands defense for several years, and thus face no prejudice. Defendants first put Plaintiffs on notice of this defense nearly two years ago in its Opposition to Plaintiffs' Motion for Class Certification filed on October 2, 2017 in the context of putative class members injecting themselves into the appraisal process by improperly bribing, coercing, or otherwise influencing the relevant appraisers. In the Opposition, Defendants stated "LandSafe maintained an Appraisal Independence Hotline . . . [whereby] [s]taff and fee panel appraisers could call the hotline toll-free and report any potential appraisal independence concerns involving a borrower, real estate agent, LandSafe reviewer, or LandSafe management" and "[t]he [LandSafe Appraiser Independence] Hotline reports also may provide individualized examples of borrowers initiating inquiries or attempting to influence appraiser valuations." (ECF No. 182 at pp. 25-26, 32). Indeed, Judge Snyder referenced and analyzed this issue in her class certification order. (ECF No. 247 at p. 34).

Also on October 2, 2017, Defendants served a meet and confer letter to Plaintiffs regarding a trial plan and included 60 questions, the answers to which would assist the Court and Defendants to assess whether Plaintiffs could craft a manageable trial plan. (ECF No. 182-11). Included within those questions were seven questions regarding Waldrup's Texas Unjust Enrichment claims. Specifically, Defendants asked what common, classwide proof Plaintiffs intend to offer showing that each Defendant was unjustly enriched in connection with each Texas class member's loan and that the equities lean in favor of each Texas class member. (*Id.*)

Defendants' unclean hands arguments have also been presented to Plaintiffs and the Court a number of times since the class certification filings. Most recently, during a meet and confer telephone call on June 6, 2019, Defendants' counsel articulated the reasoning behind the noticed depositions of various absent class members, including that the testimony sought is relevant to Defendants' unclean hands defense. Similarly, on June 14, 2019, Defendants' counsel stated on the record at a discovery conference with Magistrate Judge Rosenberg:

> "there's a certified class of Texas borrowers with an equitable claim for unjust enrichment. Several of the deponents we seek to depose are Texas borrowers. So they are members of that class. We believe those borrowers engaged in conduct which gives rise to the defense of unclean hands. Specifically, we believe those plaintiffs -- those absent class members attempted to bribe or otherwise coerce the appraiser. The claims in the case are that the defendants coerced, bribed, or otherwise corrupted the appraisers. These facts go directly to the plaintiffs' theory and also would entirely undercut any unjust enrichment claim, where we should not have the recovery by a borrower who actually infected the process him or herself." (6/14/19 Discovery Conference Transcript at 15:6-18).

Defendants further advised Plaintiffs and the Court of the importance of its unclean hands defense in another discovery conference on June 18, 2019. Defendants then filed a Motion to Compel Depositions of Ten Absent Class Members on June 20, 2019 (which Magistrate Judge Rosenberg granted in part), in which Defendants' unclean hands defense is a central argument.

Baron & Budd, P.C.
Hagens Berman Sobol Shapiro LLP
August 12, 2019
Page 3



Defendants intend to raise their unclean hands defense in their forthcoming dispositive motions, due for filing on September 13, 2019. Defendants are not attempting to add a new affirmative defense that has not been disclosed and is relevant to this litigation to date. Plaintiffs have not been prevented from conducting discovery related to Defendants' unclean hands defense, including any discovery related to the witnesses and issues addressed in the Appraisal Independence Hotline reports addressed above. During the absent class member depositions, Plaintiffs are free to cross-examine any deponents on issues related to Defendants' unclean hands defense.

Because Plaintiffs have been on notice of Defendants' unclean hands defense for nearly two years, there can be no prejudice and no basis to oppose the filing of the SAA. Should Plaintiffs refuse to stipulate to the filing of the SAA, Defendants will be forced to file a motion for leave to amend. Given the case law cited above and facts and circumstances of this case, the Court will expect such pleading issues to be resolved amongst counsel.

We are prepared to meet and confer with you should you have any questions or concerns regarding the SAA or Joint Stipulation. However, given the upcoming deadlines, Defendants request that Plaintiffs sign and return the draft Joint Stipulation on or before August 19, 2019. Should Plaintiffs refuse to do so, Defendants will assume Plaintiffs object to the filing of the SAA and will seek leave of Court to file the SAA.

Sincerely,

Kazim A. Naqvi

Attachments

537792254

# EXHIBIT A

# EXHIBIT A

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5
6  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
7  Santa Monica, California 90401-2386
   Telephone:  (310) 576-2100
8  Facsimile:   (310) 576-2200

9  Attorneys for Defendants
10 Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
11 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
12 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

13                **UNITED STATES DISTRICT COURT**
14                **CENTRAL DISTRICT OF CALIFORNIA**
15

16 BARBARA WALDRUP, individually,        Case Number:  2:13-cv-08833-CAS-
   and on behalf of other members of the  AGR
17 general public similarly situated,     Lead Case)

18              Plaintiffs,              (Consolidated with Case No. 2:16-cv-
                                         4166-CAS-AGR)
19      v.
                                         **DEFENDANTS' SECOND**
20 COUNTRYWIDE FINANCIAL              **AMENDED ANSWER TO**
   CORPORATION, a Delaware             **PLAINTIFF'S THIRD AMENDED**
21 corporation, COUNTRYWIDE HOME       **COMPLAINT**
   LOANS, a New York corporation,
22 COUNTRYWIDE BANK, N.A., a           Judge:  Christina A. Snyder
   national association, BANK OF        Magistrate Judge:  Alicia G. Rosenberg
23 AMERICA CORPORATION, a
   Delaware corporation, LANDSAFE,      Action Filed:  November 27, 2013
24 INC., a Delaware corporation,        Trial Date:  January 14, 2020
   LANDSAFE APPRAISAL, INC., a
25 California corporation,

26              Defendants.
27
28

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

*Left margin, vertical text:* Bryan Cave Leighton Paisner LLP / 120 Broadway, Suite 300 / Santa Monica, California 90401-2386



1   ELIZABETH WILLIAMS, BECKIE
2   REASTER, REBECCA MURPHY,
    individually, and on behalf of all others
3   similarly situated,

4                              Plaintiffs,

5       v.

6   COUNTRYWIDE FINANCIAL
7   CORPORATION, a Delaware
    corporation, COUNTRYWIDE HOME
8   LOANS, a New York corporation,
    COUNTRYWIDE BANK, N.A., a
9   national association, BANK OF
    AMERICA CORPORATION, a
10  Delaware corporation, LANDSAFE,
11  INC., a Delaware corporation,
    LANDSAFE APPRAISALS, INC., a
12  California corporation,

13                             Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

USA\537792229.1

1   Defendants Countrywide Financial Corporation ("CFC"), Countrywide Home

2   Loans, Inc. (erroneously sued as "Countrywide Home Loans") ("CHL"), Bank of America, N.A.,

3   as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as

4   Countrywide Bank, N.A.) ("BANA"), Bank of America Corporation ("BAC"), LandSafe, Inc.

5   ("LSI"), and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,

6   Inc.") (erroneously sued as "Landsafe Appraisal Inc.") ("LSA") provide an amended answer to the

7   Third Amended Complaint ("TAC") of Plaintiff Barbara Waldrup ("Plaintiff") as follows:

8   **INTRODUCTION**

9       1.    In response to paragraph 1 of the TAC, Defendants deny, generally and specifically,

10   each and every allegation contained therein.

11       2.    In response to paragraph 2 of the TAC, Defendants are without sufficient

12   information or knowledge to form a belief as to the truth of the allegations contained in this

13   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

14   therein.

15       3.    In response to paragraph 3 of the TAC, Defendants deny, generally and specifically,

16   each and every allegation contained therein.

17       4.    In response to paragraph 4 of the TAC, Defendants state the statute speaks for itself.

18   Defendants deny, generally and specifically, each and every remaining allegation contained

19   therein.

20       5.    In response to paragraph 5 of the TAC, Defendants state the statutes speak for

21   themselves. Defendants deny, generally and specifically, each and every remaining allegation

22   contained therein.

23       6.    In response to paragraph 6 of the TAC, Defendants deny, generally and specifically,

24   each and every allegation contained therein.

25       7.    In response to paragraph 7 of the TAC, Defendants admit that in connection with

26   loan underwriting, CHL required an appraisal to be performed, and for the majority of the putative

27   class period, CHL generally required LSA to review or provide the appraisal product.  Defendants

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

28

1

1   admit that LSA and CHL were subsidiaries of CFC at the time of Plaintiff's 2004 and 2007

2   transactions at issue. Defendants deny, generally and specifically, each and every remaining

3   allegation contained therein.

4        8.    In response to paragraph 8 of the TAC, Defendants deny, generally and specifically,

5   each and every allegation contained therein.

6        9.    In response to paragraph 9 of the TAC, Defendants deny, generally and specifically,

7   each and every allegation contained therein.

8       10.    In response to paragraph 10 of the TAC, Defendants deny, generally and

9   specifically, each and every allegation contained therein.

10       11.    In response to paragraph 11 of the TAC, Defendants deny, generally and

11   specifically, each and every allegation contained therein.

12                   **JURISDICTION AND VENUE**

13       12.    In response to paragraph 12 of the TAC, Defendants are without sufficient

14   information or knowledge to form a belief as to the truth of the allegations contained in this

15   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

16   therein.

17       13.    In response to paragraph 13 of the TAC, Defendants state the statutes speak for

18   themselves. Defendants further state that this paragraph does not call for admission or denial.

19       14.    In response to paragraph 14 of the TAC, Defendants admit that Defendants CHL

20   and LSA have transacted business with regard to properties located within the Central District of

21   California. Other than specifically admitted herein, Defendants deny, generally and specifically,

22   each and every remaining allegation in this paragraph.

23                           **PARTIES**

24       15.    In response to paragraph 15 of the TAC, Defendants are without sufficient

25   information or knowledge to form a belief as to the truth of the allegations contained in this

26   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

27   therein.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

2

16.     In response to paragraph 16 of the TAC, Defendants admit that CFC is a Delaware corporation, was the parent corporation for CHL, and was a publicly traded company at the time of Plaintiff's transactions in 2004 and 2007. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

17.     In response to paragraph 17 of the TAC, Defendants admit that CHL is a New York corporation. Defendants further admit that CHL is a wholly-owned subsidiary of CFC. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

18.     In response to paragraph 18 of the TAC, Defendants admit that Full Spectrum Lending, Inc. ("FSL") merged into CHL in December 2004. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

19.     In response to paragraph 19 of the TAC, Defendants admit that Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.) was merged into BANA by April 27, 2009 de jure merger and no longer exists as a separate entity. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

20.     In response to paragraph 20 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

21.     In response to paragraph 21 of the TAC, Defendants admit that BAC is a Delaware Corporation, is a financial holding company, and has its principal place of business at 100 N. Tyron Street, Charlotte, North Carolina. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

22.     In response to paragraph 22 of the TAC, Defendants admit that on July 1, 2008, CFC merged with and into Red Oak Merger Corporation (a direct subsidiary of BAC), and wherein Red Oak Merger Corporation changed its name to CFC, and thus, CFC and all of its subsidiaries became indirect subsidiaries of BAC. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

3

1    23.    In response to paragraph 23 of the TAC, Defendants admit that at certain times

2    during the putative class period from January 1, 2003 to December 31, 2008 certain of the

3    Defendant entities were part of an affiliated family of companies. Other than specifically admitted

4    herein, Defendants deny, generally and specifically, each and every remaining allegation in this

5    paragraph.

6    24.    In response to paragraph 24 of the TAC, Defendants admit that the Federal Reserve

7    issued on June 5, 2008 an "Order Approving the Acquisition of a Savings Association and Other

8    Nonbanking Activities." Defendants contend that document speaks for itself. Other than

9    specifically admitted herein, Defendants deny, generally and specifically, each and every

10   remaining allegation in this paragraph.

11   25.    In response to paragraph 25 of the TAC, Defendants admit that the Bank of America

12   Home Loans brand was announced in April 2009. Other than specifically admitted herein,

13   Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

14   26.    In response to paragraph 26 of the TAC, Defendants admit that the Bank of America

15   Home Loans brand was announced in April 2009. Defendants contend that any press releases

16   issued will speak for themselves. Other than specifically admitted herein, Defendants deny,

17   generally and specifically, each and every remaining allegation in this paragraph.

18   27.    In response to paragraph 27 of the TAC, Defendants admit that certain press

19   releases or other public announcements may have been made. Such press releases or public

20   statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

21   generally and specifically, each and every remaining allegation in this paragraph.

22   28.    In response to paragraph 28 of the TAC, Defendants admit that certain press

23   releases or other public announcements may have been made. Such press releases or public

24   statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

25   generally and specifically, each and every remaining allegation in this paragraph.

26   29.    In response to paragraph 29 of the TAC, Defendants admit that certain press

27   releases or other public announcements may have been made. Such press releases or public

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

4

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

2    generally and specifically, each and every remaining allegation in this paragraph.

3        30.    In response to paragraph 30 of the TAC, Defendants admit certain  public

4    statements may have been made in periodic regulatory filings. Such public statements will speak

5    for themselves. Other than specifically admitted herein, Defendants deny, generally and

6    specifically, each and every remaining allegation in this paragraph.

7        31.    In response to paragraph 31 of the TAC, Defendants admit that certain press

8    releases or other public announcements may have been made. Such press releases or public

9    statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

10   generally and specifically, each and every remaining allegation in this paragraph.

11       32.    In response to paragraph 32 of the TAC, Defendants deny, generally and

12   specifically, each and every allegation in this paragraph.

13       33.    In response to paragraph 33 of the TAC, Defendants admit that at all relevant times

14   in the TAC, LSI was a Delaware corporation headquartered at 6400 Legacy Drive, Plano, Texas

15   75024. Other than specifically admitted herein, Defendants deny, generally and specifically, each

16   and every remaining allegation in this paragraph.

17       34.    In response to paragraph 34 of the TAC, Defendants admit that at all relevant times

18   in the TAC, LSA was a California corporation and wholly-owned subsidiary of LSI. Other than

19   specifically admitted herein, Defendants deny, generally and specifically, each and every

20   remaining allegation in this paragraph.

21       35.    In response to paragraph 35 of the TAC, Defendants deny, generally and

22   specifically, each and every allegation in this paragraph.

23                   **FACTUAL BACKGROUND**

24   **A.**    **Real Estate Appraisal Standards**

25       36.    In response to paragraph 36 of the TAC, Defendants state that this paragraph does

26   not call for an admission or denial and may call for a legal conclusion. To the extent that an

27   admission or denial is required, Defendants deny each and every allegation contained herein.

28

Bryan Cave Leighton Paisner LLP.
120 Broadway, Suite 300
Santa Monica, California 90401-2386

5

37.     In response to paragraph 37 of the TAC, Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

38.     In response to paragraph 38 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

39.     In response to paragraph 39 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

40.     In response to paragraph 40 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

41.     In response to paragraph 41 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

42.     In response to paragraph 42 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

43.     In response to paragraph 43 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

44.     In response to paragraph 44 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

**B.      Countrywide's Fraudulent Appraisal Scheme**

45.     In response to paragraph 45 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the TAC, Defendants admit that CHL originated mortgages through various mortgage production business divisions.  Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

47.     In response to paragraph 47 of the TAC, Defendants deny, generally and specifically, the allegation that "Countrywide began loosening its underwriting efforts to rapidly close and sell loans to the secondary market. To that end, Countrywide viewed the appraisal process as a speed bump in the road to closing a loan." Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

49.     In response to paragraph 49 of the TAC, Defendants admit that Kyle Lagow was the relator who filed a *qui tam* complaint. Defendants state that the *qui tam* complaint speaks for itself. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

50.     In response to paragraph 50 of the TAC, Defendants state that the whistleblower

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

7

complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

51.     In response to paragraph 51 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

52.     In response to paragraph 52 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

56.     In response to paragraph 56 of the TAC, Defendants state that the whistleblower complaint speaks for itself. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

57.     In response to paragraph 57 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

**C.     Defendants Defraud Plaintiff Twice**

58.     In response to paragraph 58 of the TAC, Defendants admit that Plaintiff applied for and obtained CHL loans in the amounts of $76,000 and $19,000 in July and August 2004. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

59.     In response to paragraph 59 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

60.     In response to paragraph 60 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements. Defendants state that those documents as well as any USPAP statutes and regulations speak for themselves. Defendants deny, generally and specifically, the remaining allegations contained therein.

61.     In response to paragraph 61 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements among others. Defendants state that those documents speak for themselves. Defendants deny, generally and specifically, the remaining allegations contained therein.

62.     In response to paragraph 62 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements among others. Defendants state that those

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

9

1    documents speak for themselves. Defendants deny, generally and specifically, the remaining

2    allegations contained therein.

3        63.    In response to paragraph 63 of the TAC, Defendants admit that Barry Johnson of

4    William & Stuart Appraisal prepared an appraisal field report relating to Plaintiff's property.

5    Defendants state that the document speak for itself. Defendants deny, generally and specifically,

6    the remaining allegations contained therein.

7        64.    In response to paragraph 64 of the TAC, Defendants admit that CHL provided

8    Plaintiff with a copy of the 2004 property appraisal report. Defendants deny, generally and

9    specifically, the remaining allegations contained therein.

10       65.    In response to paragraph 65 of the TAC, Defendants deny, generally and

11   specifically, each and every allegation contained therein.

12       66.    In response to paragraph 66 of the TAC, Defendants admit that an appraisal fee was

13   collected for the 2004 property appraisal. Defendants deny, generally and specifically, the

14   remaining allegations contained therein.

15       67.    In response to paragraph 67 of the TAC, deny, generally and specifically, each and

16   every allegation contained therein.

17       68.    In response to paragraph 68 of the TAC, Defendants admit that Plaintiff applied for

18   a CHL loan in June 2007. Defendants are without sufficient information or knowledge to form a

19   belief as to the truth of the remaining allegations contained in this paragraph, and on that basis

20   deny, generally and specifically, each and every allegation contained therein.

21       69.    In response to paragraph 69 of the TAC, Defendants are without sufficient

22   information or knowledge to form a belief as to the truth of the allegations contained in this

23   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

24   therein.

25       70.    In response to paragraph 70 of the TAC, Defendants admit that CHL prepared

26   certain loan application and disclosure documents in connection with Plaintiff's 2007 loan

27   application. Defendants state that those documents speak for themselves. Defendants deny,

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10

1 generally and specifically, the remaining allegations contained therein.

2 71. In response to paragraph 71 of the TAC, Defendants admit that David Dotson of

3 LSA conducted appraisal work relating to Plaintiff's property and that a LSA appraisal field report

4 was issued. Defendants deny, generally and specifically, the remaining allegations contained

5 therein, including the allegation that the appraisal contained false representations.

6 72. In response to paragraph 72 of the TAC, Defendants are without sufficient

7 information or knowledge to form a belief as to the truth of the allegations contained in this

8 paragraph, and on that basis deny, generally and specifically, each and every allegation contained

9 therein.

10 73. In response to paragraph 73 of the TAC, Defendants admit that CHL prepared

11 certain loan application and disclosure documents in connection with Plaintiff's 2007 loan

12 application. Defendants state that those documents speak for themselves. Defendants deny,

13 generally and specifically, the remaining allegations contained therein.

14 74. In response to paragraph 74 of the TAC, Defendants deny, generally and

15 specifically, each and every allegation in this paragraph.

16 75. In response to paragraph 75 of the TAC, Defendants admit that an appraisal fee was

17 collected for the 2007 LSA property appraisal. Defendants deny, generally and specifically, the

18 remaining allegations contained therein.

19 76. In response to paragraph 76 of the TAC, deny, generally and specifically, the

20 remaining allegations contained therein.

21 77. In response to paragraph 77 of the TAC, Defendants deny, generally and

22 specifically, each and every allegation in this paragraph.

23 78. In response to paragraph 78 of the TAC, Defendants deny, generally and

24 specifically, each and every allegation in this paragraph.

25 **TOLLING OF THE STATUTE OF LIMITATIONS**

26 79. In response to paragraph 79 of the TAC, Defendants deny, generally and

27 specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1        80.     In response to paragraph 80 of the TAC, Defendants deny, generally and

2   specifically, each and every allegation in this paragraph.

3        81.     In response to paragraph 81 of the TAC, Defendants deny, generally and

4   specifically, each and every allegation in this paragraph.

5                  **CLASS ACTION ALLEGATIONS**

6        82.     In response to paragraph 82 of the TAC, Defendants admit that Plaintiff seeks to

7   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

8   may represent the proposed class, and that Plaintiff or any of the putative class members are

9   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

10  specifically, each and every allegation in this paragraph.

11       83.     In response to paragraph 83 of the TAC, Defendants admit that Plaintiff seeks to

12  certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

13  may represent the proposed class, and that Plaintiff or any of the putative class members are

14  entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

15  specifically, each and every allegation in this paragraph.

16       84.     In response to paragraph 84 of the TAC, Defendants deny, generally and

17  specifically, each and every allegation in this paragraph.

18       85.     In response to paragraph 85 of the TAC, Defendants deny, generally and

19  specifically, each and every allegation in this paragraph.

20       86.     In response to paragraph 86 of the TAC, Defendants deny, generally and

21  specifically, each and every allegation in this paragraph.

22       87.     In response to paragraph 87 of the TAC, Defendants deny, generally and

23  specifically, each and every allegation in this paragraph.

24       88.     In response to paragraph 88 of the TAC, Defendants deny, generally and

25  specifically, each and every allegation in this paragraph.

26       89.     In response to paragraph 89 of the TAC, Defendants deny, generally and

27  specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

90.     In response to paragraph 90 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

91.     In response to paragraph 91 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

92.     In response to paragraph 92 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

93.     In response to paragraph 93 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

94.     In response to paragraph 94 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

95.     In response to paragraph 95 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## FIRST CLAIM FOR RELIEF

### Violation of Unfair Competition Law

### (California Business and Professions Code § 17200 *et seq.*)

96.     In response to paragraph 96 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

97.     In response to paragraph 97 of the TAC, Defendants admit that Plaintiff seeks to certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff may represent the proposed class, and that Plaintiff or any of the putative class members are entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and specifically, each and every allegation in this paragraph.

98.     In response to paragraph 98 of the TAC, Defendants state the statute speaks for itself. Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

99.     In response to paragraph 99 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

13

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

100.   In response to paragraph 100 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

101.   In response to paragraph 101 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

102.   In response to paragraph 102 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

103.   In response to paragraph 103 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

104.   In response to paragraph 104 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

105.   In response to paragraph 105 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

106.   In response to paragraph 106 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

107.   In response to paragraph 107 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

108.   In response to paragraph 108 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

109.   In response to paragraph 109 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## SECOND CLAIM FOR RELIEF

### Violations of Racketeer Influenced and Corrupt Organizations Act

### (18 U.S.C. § 1962(c))

110.   In response to paragraph 110 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

111.   In response to paragraph 111 of the TAC, Defendants admit that Plaintiff seeks to certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

14

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    may represent the proposed class, and that Plaintiff or any of the putative class members are

2    entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

3    specifically, each and every allegation in this paragraph.

**THE RICO ENTERPRISE**

4

5    112.    In response to paragraph 112 of the TAC, Defendants state the statute speaks for

6    itself. Defendants further state that the allegations are legal conclusions for which no response is

7    necessary. To the extent a response is required, Defendants lack adequate information to admit or

8    deny the allegations, and on that basis deny them.

9    113.    In response to paragraph 113 of the TAC, Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11   114.    In response to paragraph 114 of the TAC, Defendants deny, generally and

12   specifically, each and every allegation in this paragraph.

13   115.    In response to paragraph 115 of the TAC, Defendants deny, generally and

14   specifically, each and every allegation in this paragraph.

15   116.    In response to paragraph 116 of the TAC, Defendants deny, generally and

16   specifically, each and every allegation in this paragraph.

**THE PREDICATE ACTS**

17

18   117.    In response to paragraph 117 of the TAC, Defendants deny, generally and

19   specifically, each and every allegation in this paragraph.

20   118.    In response to paragraph 118 of the TAC, Defendants deny, generally and

21   specifically, each and every allegation in this paragraph.

22   119.    In response to paragraph 119 of the TAC, Defendants state the statute speaks for

23   itself.

24   120.    In response to paragraph 120 of the TAC, Defendants deny, generally and

25   specifically, each and every allegation in this paragraph.

26   121.    In response to paragraph 121 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

15

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

122.    In response to paragraph 122 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

123.    In response to paragraph 123 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

124.    In response to paragraph 124 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

125.    In response to paragraph 125 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

126.    In response to paragraph 126 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

127.    In response to paragraph 127 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

128.    In response to paragraph 128 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

129.    In response to paragraph 129 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

130.    In response to paragraph 130 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

131.    In response to paragraph 131 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## THIRD CLAIM FOR RELIEF

**Violation of the Racketeer Influenced and Corrupt Organizations Act, Conspiracy to Violate**

**Title 18 United States Code section 1962(c)**

**(18 U.S.C. § 1962(d))**

132.    In response to paragraph 132 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

133.    In response to paragraph 133 of the TAC, Defendants admit that Plaintiff seeks to

16

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1  certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

2  may represent the proposed class, and that Plaintiff or any of the putative class members are

3  entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

4  specifically, each and every allegation in this paragraph.

5      134.    In response to paragraph 134 of the TAC, Defendants deny, generally and

6  specifically, each and every allegation in this paragraph.

7      135.    In response to paragraph 135 of the TAC, Defendants deny, generally and

8  specifically, each and every allegation in this paragraph.

9      136.    In response to paragraph 136 of the TAC, Defendants deny, generally and

10  specifically, each and every allegation in this paragraph.

11                          **FOURTH CLAIM FOR RELIEF**

12                             **Unjust Enrichment**

13      137.    In response to paragraph 137 of the TAC, Defendants incorporate all statements in

14  response to the preceding paragraphs as if set forth herein.

15      138.    In response to paragraph 138 of the TAC, Defendants admit that Plaintiff seeks to

16  certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

17  may represent the proposed class, and that Plaintiff or any of the putative class members are

18  entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

19  specifically, each and every allegation in this paragraph.

20      139.    In response to paragraph 139 of the TAC, Defendants deny, generally and

21  specifically, each and every allegation in this paragraph.

22      140.    In response to paragraph 140 of the TAC, Defendants deny, generally and

23  specifically, each and every allegation in this paragraph.

24      141.    In response to paragraph 141 of the TAC, Defendants deny, generally and

25  specifically, each and every allegation in this paragraph.

26      142.    In response to paragraph 142 of the TAC, Defendants deny, generally and

27  specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

17

143.    In response to paragraph 143 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

144.    In response to paragraph 144 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## FIFTH CLAIM FOR RELIEF

### Fraud

145.    In response to paragraph 145 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

146.    In response to paragraph 146 of the TAC, Defendants admit that Plaintiff seeks to certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff may represent the proposed class, and that Plaintiff or any of the putative class members are entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and specifically, each and every allegation in this paragraph.

147.    In response to paragraph 147 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

148.    In response to paragraph 148 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

149.    In response to paragraph 149 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

150.    In response to paragraph 150 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

151.    In response to paragraph 151 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

152.    In response to paragraph 152 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

153.    In response to paragraph 153 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

154.    In response to paragraph 154 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses to the allegations in the TAC, Defendants, and each one of Defendants, allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts to Constitute a Claim)

1.    The TAC, and each and every purported claim therein, fails to allege sufficient facts to state a claim of relief against Defendants, or any of Defendants. Among other reasons, Defendants did not inflate or manipulate Plaintiff's 2004 and 2007 appraisals and did not make any misrepresentations as to the quality and value of the appraisals. Moreover, defendants CFC, BAC, BANA, and LSI were not involved in Plaintiff's loan and appraisal transactions. Furthermore, Plaintiff's claims are time-barred by the applicable statutes of limitations as Plaintiff received her appraisals in 2004 and 2007 and did not conduct reasonable due diligence relating to her detailed appraisal reports.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

2.    The TAC is barred, in whole or in part, because any injuries, damages and/or losses suffered by Plaintiff, if any, were the result of the Plaintiff's failure to use reasonable means to review her appraisals and mitigate her damages in this action, and otherwise exercise due and ordinary care on her own behalf by, among other things, failing to inquire about the appraisal charges she now disputes and the contents of the appraisals that she received.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.    Plaintiff lacks standing to assert some or all of her claims against Defendants and to

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

19

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  represent any putative class, the existence of which is expressly denied.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4.      The TAC is barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5.      The TAC is barred, in whole or in part, by the doctrine of laches

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.      The TAC is barred, in whole or in part, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

7.      The TAC is barred, in whole or in part, by the doctrine of voluntary payment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8.      The TAC is barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

9.      The TAC is barred, in whole or in part, because none of the alleged acts or omissions of Defendants were the proximate cause of Plaintiff's purported injuries and damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Disclosure, Ratification, Consent)**

10.     The TAC is barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence, or consent to the allegedly inflated appraisals because she received the detailed appraisal reports in 2004 and 2007.

/ / /

20

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional as Class Action)

11.　　The class allegations are barred on the ground that if this action is certified as a class action, Defendants' rights under the Fifth and Seventh Amendments of the United States Constitution would be violated.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff and the Alleged Putative Class are Not Similarly Situated)

12.　　Given the individual nature of Plaintiff's claims, class certification is inappropriate because Plaintiff and the alleged putative class, the existence of which is expressly denied, are not similarly situated.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Adequacy of Representation)

13.　　Plaintiff cannot maintain this action as a class action because they are not proper representatives of the alleged putative class, the existence of which is expressly denied, and the alleged putative class does not have adequate representation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conflicting Interests)

14.　　Plaintiff has interests that conflict with those of the alleged putative class, the existence of which is expressly denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Commonality)

15.　　Given the individual nature of Plaintiff's claims, class certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individuals.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

16.　　Given the individual nature of Plaintiff's claims, class certification is inappropriate

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

21

1  because her claims are not typical of those of the alleged putative class, the existence of which is

2  expressly denied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Superiority)

5      17.     Given the individual nature of Plaintiff's claims, class certification is inappropriate

6  because Plaintiff cannot demonstrate that class litigation is superior to other available means of

7  adjudication.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Community of Interest)

10      18.     There is no community of interest between Plaintiff and the alleged putative class,

11  the existence of which is expressly denied.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Alleged Class is not Easily Ascertainable)

14      19.     The alleged putative class, the existence of which is expressly denied, is not easily

15  ascertainable.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

18      20.     Defendants are informed and believe and on that basis allege that Plaintiff's claims

19  are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to,

20  the statute of limitations set forth in California Code of Civil Procedure sections 337, 338, and 339,

21  California Business and Professions Code section 17208, and *Agency Holding Corp. v. Malley–*

22  *Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (four-year statute of limitations for civil RICO

23  claims), *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four-year statute of limitations

24  for civil RICO claims), *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346-48 (2008) (recovery for

25  unjust enrichment is subject to a three-year statute of limitations); *Denholm v. Houghton Miffin*

26  *Co.*, 912 F.2d 357, 362 (9th Cir. 1990) (fraud claims have a three year statute of limitations).

27  / / /

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2286

22

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

21.     Defendants hereby reserve the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff and any putative class take nothing by Plaintiff's TAC and that the same be dismissed with prejudice;

2.     That Defendants have judgment entered in their favor;

3.     That Defendants be awarded costs of suit; and

4.     For such other and further relief as this Court deems proper.

Dated: August __, 2019                     **BRYAN CAVE LEIGHTON PAISNER LLP**

By:     _____
                Kazim A. Naqvi
                Attorneys for Defendants

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

23

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

# EXHIBIT B

# EXHIBIT B

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
4  linda.hsu@bclplaw.com
   Kazim A. Naqvi, SBN 300438
5  kazim.naqvi@bclplaw.com
6  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
7  Santa Monica, California 90401-2386
   Telephone:  (310) 576-2100
8  Facsimile:  (310) 576-2200
9
   Attorneys for Defendants
10 Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April 27,
11 2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide
   Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and LandSafe Appraisal
12 Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as
   "Landsafe Appraisal Inc.")
13

14                **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  BARBARA WALDRUP, individually,<br>17  and on behalf of other members of the<br>general public similarly situated,<br>18<br>               Plaintiffs,<br>19<br>      v.<br>20<br>COUNTRYWIDE FINANCIAL<br>21 CORPORATION, a Delaware<br>corporation, COUNTRYWIDE HOME<br>22 LOANS, a New York corporation,<br>COUNTRYWIDE BANK, N.A., a<br>23 national association, BANK OF<br>AMERICA CORPORATION, a Delaware<br>24 corporation, LANDSAFE, INC., a<br>Delaware corporation, LANDSAFE<br>25 APPRAISAL, INC., a California<br>corporation,<br>26<br>27               Defendants.<br>28 | Case Number:  2:13-cv-08833-CAS-AGR<br>(Lead Case)<br><br>(Consolidated with Case No. 2:16-cv-04166-CAS-AGR)<br><br>**JOINT STIPULATION GRANTING<br>DEFENDANTS LEAVE TO FILE<br>SECOND AMENDED ANSWER TO<br>PLAINTIFF'S THIRD AMENDED<br>COMPLAINT**<br><br>District Court Judge:  Christina A. Snyder<br>Magistrate Judge:  Alicia G. Rosenberg<br><br>Action Filed:  November 27, 2013<br>Trial Date:  January 14, 2020 |

ELIZABETH WILLIAMS, BECKIE REASTER, REBECCA MURPHY, individually, and on behalf of all others similarly situated,

              Plaintiffs,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation, COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE, INC., a Delaware corporation, LANDSAFE APPRAISALS, INC., a California corporation,

              Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA\537791745.3

Case No.: 2:13-cv-08833-CAS (ARGx)

JOINT STIPULATION GRANTING DEFENDANTS LEAVE TO FILE SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Barbara Waldrup

2    ("Waldrup" or "Plaintiff") and Defendants in the above-captioned action ("Defendants")

3    (collectively with Plaintiff, the "Parties"), by and through their respective counsel of

4    record, stipulate, subject to the Court's approval, to allow Defendants to file a Second

5    Amended Answer to Plaintiff's operative Third Amended Complaint ("TAC").

6    WHEREAS, Plaintiff initiated her action on November 27, 2013 with the filing of

7    her Complaint (the *Waldrup* Action") (*Waldrup* Dkt. 1);

8    WHEREAS, the Court granted Defendants' motions to dismiss Plaintiff's

9    Complaint on April 14, 2014 (*Waldrup* Dkt. 22), the First Amended Complaint on July

10   23, 2014 (*Waldrup* Dkt. 36), and the Second Amended Complaint on October 6, 2014

11   (*Waldrup* Dkt. 45);

12   WHEREAS, on January 5, 2015, the Court denied Defendants' motion to dismiss

13   Plaintiff's TAC (*Waldrup* Dkt. 52);

14   WHEREAS, on January 20, 2015, Defendants filed their Answer to Plaintiff's TAC

15   (*Waldrup* Dkt. 53);

16   WHEREAS, on June 10, 2016, Elizabeth Williams, Beckie Reaster, and Rebecca

17   Murphy (collectively, the "*Williams* Plaintiffs") commenced a separate lawsuit against

18   Defendants in the United States District Court, Central District of California, Case No.

19   2:16-cv-4166 (the "*Williams* Action"), which contains substantially similar allegations

20   and causes of action as the *Waldrup* Action (*Williams* Dkt. #1);

21   WHEREAS, on September 12, 2016, Plaintiff Waldrup filed a motion to

22   consolidate the *Waldrup* Action with the *Williams* Action (*Waldrup* Dkt. 132), and the

23   *Williams* Plaintiffs filed a notice of non-opposition (*Williams* Dkt. 26);

24   WHEREAS, on November 14, 2016 the Court consolidated the *Waldrup* and

25   *Williams* Actions for pre-trial purposes only (*Waldrup* Dkt. 148);

26   WHEREAS, on December 22, 2016, Defendants filed a Motion to Dismiss the

27   *Williams* Complaint (*Williams* Dkt. # 38);

28   WHEREAS, on March 15, 2017, the Court granted in part and denied in part

USA\5377791745.3                                   1

JOINT STIPULATION GRANTING DEFENDANTS LEAVE TO FILE SECOND AMENDED
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1 | Defendants' Motion to Dismiss the *Williams* Complaint (*Williams* Dkt. # 47);

2 | WHEREAS, on April 10, 2017, Defendants filed their Answer to the *Williams*

3 | Complaint (*Williams* Dkt. # 48);

4 | WHEREAS, on June 29, 2017, Plaintiffs and Defendants filed a Joint Stipulation

5 | Granting Defendants Leave to File Amended Answer to Plaintiff's Third Amended

6 | Complaint (the "Stipulation") (*Waldrup* Dkt. 160);

7 | WHEREAS, on June 29, 2017, the Court granted Defendants leave to file the

8 | Amended Answer to Plaintiffs' Third Amended Complaint (*Waldrup* Dkt. 161);

9 | WHEREAS, Defendants seek to further amend their answer to Plaintiff's TAC to

10 | conform to proof and, specifically, to add an affirmative defense of "Unclean Hands," a

11 | defense which has been previously raised in multiple filings and hearings with the Court;

12 | WHEREAS, subject to Plaintiff's reservation of any rights she may have to

13 | challenge the amendments, Plaintiff does not object to Defendants' filing of such

14 | amendments;

15 | WHEREAS, in entering into this stipulation, Defendants do not intend to provide

16 | Plaintiff with any more time to challenge the merits of Defendants' amendments than that

17 | which would be permitted under the Federal Rules of Civil Procedure or other applicable

18 | law;

19 | WHEREAS, the parties have met and conferred concerning the proposed

20 | amendments;

21 | NOW, THEREFORE, subject to Court approval, the Parties STIPULATE AND

22 | AGREE that the Defendants are granted leave to file a Second Amended Answer to

23 | Plaintiff's TAC, without prejudice to Plaintiff's right to challenge the amendments. A true

24 | and correct copy of Defendants' Proposed Second Amended Answer to Plaintiff's TAC is

25 | attached hereto as Exhibit "A." For the Court's convenience, a redline document showing

26 | the differences between Defendants' Amended Answer to Plaintiff's TAC and

27 | Defendants' Proposed Second Amended Answer to Plaintiff's TAC is attached hereto as

28 | Exhibit "B."

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA\5377791745.3

2

1

2    Dated:  August 12, 2019          BARON & BUDD, P.C.

3

4                                     By: DRAFT
                                          Evan Zucker
5                                         Baron & Budd, P.C.
                                          15910 Ventura Boulevard, Suite 1600
6                                         Encino, California  91436
                                          Telephone:  (818) 839-2333
7                                         Facsimile:   (818) 986-9698

8
                                          Christopher R. Pitoun
9                                         Hagens Berman Sobol Shapiro LLP
                                          301 North Lake Avenue, Suite 920
10                                        Pasadena, California 91101
                                          Telephone:  (213) 330-7150
11                                        Facsimile:   (213) 330-7152

12
                                          Attorneys for Plaintiffs
13                                        Barbara Waldrup, Elizabeth Williams, Beckie
                                          Reaster, Rebecca Murphy individually, and on
14                                        behalf of other members of the public similarly
                                          situated
15

16

17   Dated:  August 12, 2019          BRYAN CAVE LEIGHTON PAISNER LLP

18

19                                    By: DRAFT
                                          Kazim A. Naqvi
20                                        Bryan Cave Leighton Paisner LLP
                                          120 Broadway, Suite 300
21                                        Santa Monica, Ca 90401
                                          Telephone:  (310) 576-2100
22                                        Facsimile:   (310) 576-2200
23                                        Attorneys for Defendants
                                          Countrywide Home Loans, Inc. (erroneously sued
24                                        as "Countrywide Home Loans"); Countrywide
25                                        Financial Corporation; Bank of America, N.A., as
                                          successor by April 27, 2009 de jure merger with
26                                        Countrywide Bank, FSB (formerly known as
                                          Countrywide Bank, N.A.); Bank of America
27                                        Corporation; LandSafe, Inc.; and LandSafe
28

JOINT STIPULATION GRANTING DEFENDANTS LEAVE TO FILE SECOND AMENDED
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386



Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

<u>Local Rule 5-4.3.4 Attestation</u>

I attest that all counsel of record concur in this filing's content and has authorized the filing.

Dated:  August 12, 2019

<u>DRAFT</u>
Kazim A. Naqvi

JOINT STIPULATION GRANTING DEFENDANTS LEAVE TO FILE SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
   kazim.naqvi@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
6  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
7  Telephone:  (310) 576-2100
   Facsimile:  (310) 576-2200
8

9  Attorneys for Defendants
   Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
10 Countrywide Financial Corporation; Bank of America, N.A., as successor by April 27,
   2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide
11 Bank, N.A.); Bank of America Corporation;  LandSafe, Inc.; and LandSafe Appraisal
   Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as
12 "Landsafe Appraisal Inc.")

13                  **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated, | Case No. 2:13-cv-08833-CAS-AGR (Lead Case) |
| 17 | |
| 18                       Plaintiffs, | (Consolidated with Case No. 2:16-cv-4166-CAS-AGR) |
| 19              v. | |
| 20  COUNTRYWIDE FINANCIAL | **[PROPOSED] ORDER GRANTING JOINT STIPULATION PERMITTING DEFENDANTS LEAVE TO FILE SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| 21  CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation; COUNTRYWIDE BANK, N.A., a national association, | |
| 22 | |
| 23  BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE | District Judge: Christina A. Snyder Magistrate Judge: Alicia G. Rosenberg |
| 24  INC., a Delaware corporation; LANDSAFE APPRAISAL INC., a California corporation, | |
| 25 | |
| 26                       Defendants. | |
| 27 | |

28

*(Left margin vertical text: BRYAN CAVE LEIGHTON PAISNER LLP, 120 BROADWAY, SUITE 300, SANTA MONICA, CA 90401-2386)*

1  ELIZABETH WILLIAMS, BECKIE
2  REASTER, REBECCA MURPHY,
   individually, and on behalf of all others
3  similarly situated,

4                    Plaintiffs,

5         v.

6  COUNTRYWIDE FINANCIAL
7  CORPORATION, a Delaware
   corporation, COUNTRYWIDE HOME
8  LOANS, a New York corporation,
   COUNTRYWIDE BANK, N.A., a
9  national association, BANK OF
10 AMERICA CORPORATION, a Delaware
   corporation, LANDSAFE, INC., a
11 Delaware corporation, LANDSAFE
   APPRAISALS, INC., a California
12 corporation,

13                   Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING JOINT STIPULATION PERMITTING DEFENDANTS LEAVE TO FILE
SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

USA01\12794144.1

The Court, having considered Plaintiff and Defendants' Joint Stipulation  Granting Defendants Leave To File a Second Amended Answer To Plaintiff's Third Amended Complaint (the "STIPULATION") and good cause appearing therefore, hereby ORDERS that the STIPULATION is GRANTED, and Defendants are authorized to file their Second Amended Answer to Plaintiff Barbara Waldrup's Third Amended Complaint (which was attached as Exhibit A to the Stipulation), without prejudice to Plaintiff's right to assert challenges to the amendments.

**IT IS SO ORDERED.**

Dated: _____          _____

Hon. Christina A. Snyder
United States Magistrate Judge

[PROPOSED] ORDER GRANTING JOINT STIPULATION PERMITTING DEFENDANTS LEAVE TO FILE SECOND
AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

USA01\12794144.1

# EXHIBIT D

# EXHIBIT D

**From:** Dan Alberstone [mailto:dalberstone@baronbudd.com]
**Sent:** Tuesday, August 13, 2019 8:13 AM
**To:** Naqvi, Kazim A.
**Cc:** Roland Tellis; Mark Pifko; Evan M. Zucker; Thompson, Douglas; Hsu, Linda; Brennan, Mark; Brown, Brooks R; Ellis, Steven A; Boock, Todd A.; Steve@hbsslaw.com; Christopher Pitoun
**Subject:** RE: Waldrup et al. v. CFC et al. - Proposed Second Amended Answer

Kazim, disappointingly, you have brazenly distorted the history and the facts giving rise to your untimely request.  Moreover, the aggressive tone of your letter is entirely inappropriate under the circumstances.  It's as if you blame us for your inexcusable delay and neglect.

Most significantly, it is beyond the pale that you would suggest that Plaintiffs would not be prejudiced by your unwarranted delay in seeking leave to amend.  Although it would not be productive for us at this time to recite all the ways in which such an amendment would prejudice the Plaintiffs, suffice it to say it should be apparent, especially to you and your clients.

In any event, we view this 11th hour request as just another attempt on defendants' part to move the trial date, which we have opposed every time you have raised it with the court.

To be clear, we will not enter into the stipulation you have proposed, and we will vigorously oppose any effort by defendants to amend their answer at this late date.

**From:** Naqvi, Kazim A. <kazim.naqvi@bclplaw.com>
**Sent:** Monday, August 12, 2019 4:45 PM
**To:** Evan M. Zucker <ezucker@baronbudd.com>; christopherp@hbsslaw.com
**Cc:** Dan Alberstone <dalberstone@baronbudd.com>; Mark Pifko <MPifko@baronbudd.com>; Thompson, Douglas <douglas.thompson@bclplaw.com>; Hsu, Linda <linda.hsu@bclplaw.com>; Brennan, Mark <mwbrennan@bclplaw.com>
**Subject:** Waldrup et al. v. CFC et al. - Proposed Second Amended Answer


Counsel,

Please see the attached correspondence and enclosed exhibits.

Thank you,
Kazim



KAZIM NAQVI
Associate
kazim.naqvi@bclplaw.com
T: +1 310 576 2288  F: +1 310 260 7188

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway, Suite 300, Santa Monica, CA 90401-2386

**bclplaw.com**

# EXHIBIT E

# EXHIBIT E

Robert E. Boone III, SBN 132780
reboone@bclplaw.com
Douglas A. Thompson, SBN 155619
douglas.thompson@bclplaw.com
Linda C. Hsu, SBN 239880
linda.hsu@bclplaw.com
Kazim A. Naqvi, SBN 300438
kazim.naqvi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendants
Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
Countrywide Financial Corporation; Bank of America, N.A., as successor by April
27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation, COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE, INC., a Delaware corporation, LANDSAFE APPRAISAL, INC., a California corporation,<br><br>Defendants. | Case Number: 2:13-cv-08833-CAS-AGR<br>Lead Case)<br><br>(Consolidated with Case No. 2:16-cv-4166-CAS-AGR)<br><br>**DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Judge: Christina A. Snyder<br>Magistrate Judge: Alicia G. Rosenberg<br><br>Action Filed: November 27, 2013<br>Trial Date: January 14, 2020 |

USA\537792229.1

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386



1  ELIZABETH WILLIAMS, BECKIE
2  REASTER, REBECCA MURPHY,
   individually, and on behalf of all others
3  similarly situated,

4                    Plaintiffs,

5         v.

6  COUNTRYWIDE FINANCIAL
7  CORPORATION, a Delaware
   corporation, COUNTRYWIDE HOME
8  LOANS, a New York corporation,
   COUNTRYWIDE BANK, N.A., a
9  national association, BANK OF
   AMERICA CORPORATION, a
10 Delaware corporation, LANDSAFE,
11 INC., a Delaware corporation,
   LANDSAFE APPRAISALS, INC., a
12 California corporation,

13                   Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

USA\537792229.1

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Defendants Countrywide Financial Corporation ("CFC"), Countrywide Home

2  Loans, Inc. (erroneously sued as "Countrywide Home Loans") ("CHL"), Bank of America, N.A.,

3  as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as

4  Countrywide Bank, N.A.) ("BANA"), Bank of America Corporation ("BAC"), LandSafe, Inc.

5  ("LSI"), and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,

6  Inc.") (erroneously sued as "Landsafe Appraisal Inc.") ("LSA") provide an amended answer to the

7  Third Amended Complaint ("TAC") of Plaintiff Barbara Waldrup ("Plaintiff") as follows:

8                              **INTRODUCTION**

9    1.    In response to paragraph 1 of the TAC, Defendants deny, generally and specifically,

10  each and every allegation contained therein.

11   2.    In response to paragraph 2 of the TAC, Defendants are without sufficient

12  information or knowledge to form a belief as to the truth of the allegations contained in this

13  paragraph, and on that basis deny, generally and specifically, each and every allegation contained

14  therein.

15   3.    In response to paragraph 3 of the TAC, Defendants deny, generally and specifically,

16  each and every allegation contained therein.

17   4.    In response to paragraph 4 of the TAC, Defendants state the statute speaks for itself.

18  Defendants deny, generally and specifically, each and every remaining allegation contained

19  therein.

20   5.    In response to paragraph 5 of the TAC, Defendants state the statutes speak for

21  themselves. Defendants deny, generally and specifically, each and every remaining allegation

22  contained therein.

23   6.    In response to paragraph 6 of the TAC, Defendants deny, generally and specifically,

24  each and every allegation contained therein.

25   7.    In response to paragraph 7 of the TAC, Defendants admit that in connection with

26  loan underwriting, CHL required an appraisal to be performed, and for the majority of the putative

27  class period, CHL generally required LSA to review or provide the appraisal product.  Defendants

28

1

1    admit that LSA and CHL were subsidiaries of CFC at the time of Plaintiff's 2004 and 2007

2    transactions at issue. Defendants deny, generally and specifically, each and every remaining

3    allegation contained therein.

4         8.      In response to paragraph 8 of the TAC, Defendants deny, generally and specifically,

5    each and every allegation contained therein.

6         9.      In response to paragraph 9 of the TAC, Defendants deny, generally and specifically,

7    each and every allegation contained therein.

8        10.      In response to paragraph 10 of the TAC, Defendants deny, generally and

9    specifically, each and every allegation contained therein.

10       11.      In response to paragraph 11 of the TAC, Defendants deny, generally and

11    specifically, each and every allegation contained therein.

12                              **JURISDICTION AND VENUE**

13       12.      In response to paragraph 12 of the TAC, Defendants are without sufficient

14    information or knowledge to form a belief as to the truth of the allegations contained in this

15    paragraph, and on that basis deny, generally and specifically, each and every allegation contained

16    therein.

17       13.      In response to paragraph 13 of the TAC, Defendants state the statutes speak for

18    themselves. Defendants further state that this paragraph does not call for admission or denial.

19       14.      In response to paragraph 14 of the TAC, Defendants admit that Defendants CHL

20    and LSA have transacted business with regard to properties located within the Central District of

21    California. Other than specifically admitted herein, Defendants deny, generally and specifically,

22    each and every remaining allegation in this paragraph.

23                                      **PARTIES**

24       15.      In response to paragraph 15 of the TAC, Defendants are without sufficient

25    information or knowledge to form a belief as to the truth of the allegations contained in this

26    paragraph, and on that basis deny, generally and specifically, each and every allegation contained

27    therein.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

16.     In response to paragraph 16 of the TAC, Defendants admit that CFC is a Delaware corporation, was the parent corporation for CHL, and was a publicly traded company at the time of Plaintiff's transactions in 2004 and 2007. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

17.     In response to paragraph 17 of the TAC, Defendants admit that CHL is a New York corporation. Defendants further admit that CHL is a wholly-owned subsidiary of CFC. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

18.     In response to paragraph 18 of the TAC, Defendants admit that Full Spectrum Lending, Inc. ("FSL") merged into CHL in December 2004. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

19.     In response to paragraph 19 of the TAC, Defendants admit that Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.) was merged into BANA by April 27, 2009 de jure merger and no longer exists as a separate entity. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

20.     In response to paragraph 20 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

21.     In response to paragraph 21 of the TAC, Defendants admit that BAC is a Delaware Corporation, is a financial holding company, and has its principal place of business at 100 N. Tyron Street, Charlotte, North Carolina. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

22.     In response to paragraph 22 of the TAC, Defendants admit that on July 1, 2008, CFC merged with and into Red Oak Merger Corporation (a direct subsidiary of BAC), and wherein Red Oak Merger Corporation changed its name to CFC, and thus, CFC and all of its subsidiaries became indirect subsidiaries of BAC. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

3

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

23.     In response to paragraph 23 of the TAC, Defendants admit that at certain times during the putative class period from January 1, 2003 to December 31, 2008 certain of the Defendant entities were part of an affiliated family of companies. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

24.     In response to paragraph 24 of the TAC, Defendants admit that the Federal Reserve issued on June 5, 2008 an "Order Approving the Acquisition of a Savings Association and Other Nonbanking Activities." Defendants contend that document speaks for itself. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

25.     In response to paragraph 25 of the TAC, Defendants admit that the Bank of America Home Loans brand was announced in April 2009. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

26.     In response to paragraph 26 of the TAC, Defendants admit that the Bank of America Home Loans brand was announced in April 2009. Defendants contend that any press releases issued will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

27.     In response to paragraph 27 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public statements will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

28.     In response to paragraph 28 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public statements will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

29.     In response to paragraph 29 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

2  generally and specifically, each and every remaining allegation in this paragraph.

3       30.    In response to paragraph 30 of the TAC, Defendants admit certain  public

4  statements may have been made in periodic regulatory filings. Such public statements will speak

5  for themselves. Other than specifically admitted herein, Defendants deny, generally and

6  specifically, each and every remaining allegation in this paragraph.

7       31.    In response to paragraph 31 of the TAC, Defendants admit that certain press

8  releases or other public announcements may have been made. Such press releases or public

9  statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

10  generally and specifically, each and every remaining allegation in this paragraph.

11       32.    In response to paragraph 32 of the TAC, Defendants deny, generally and

12  specifically, each and every allegation in this paragraph.

13       33.    In response to paragraph 33 of the TAC, Defendants admit that at all relevant times

14  in the TAC, LSI was a Delaware corporation headquartered at 6400 Legacy Drive, Plano, Texas

15  75024. Other than specifically admitted herein, Defendants deny, generally and specifically, each

16  and every remaining allegation in this paragraph.

17       34.    In response to paragraph 34 of the TAC, Defendants admit that at all relevant times

18  in the TAC, LSA was a California corporation and wholly-owned subsidiary of LSI. Other than

19  specifically admitted herein, Defendants deny, generally and specifically, each and every

20  remaining allegation in this paragraph.

21       35.    In response to paragraph 35 of the TAC, Defendants deny, generally and

22  specifically, each and every allegation in this paragraph.

23       **FACTUAL BACKGROUND**

24      A.    **Real Estate Appraisal Standards**

25       36.    In response to paragraph 36 of the TAC, Defendants state that this paragraph does

26  not call for an admission or denial and may call for a legal conclusion. To the extent that an

27  admission or denial is required, Defendants deny each and every allegation contained herein.

28

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

37.     In response to paragraph 37 of the TAC, Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

38.     In response to paragraph 38 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

39.     In response to paragraph 39 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

40.     In response to paragraph 40 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

41.     In response to paragraph 41 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

42.     In response to paragraph 42 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

43.     In response to paragraph 43 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

44.     In response to paragraph 44 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

**B.     Countrywide's Fraudulent Appraisal Scheme**

45.     In response to paragraph 45 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the TAC, Defendants admit that CHL originated mortgages through various mortgage production business divisions.  Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

47.     In response to paragraph 47 of the TAC, Defendants deny, generally and specifically, the allegation that "Countrywide began loosening its underwriting efforts to rapidly close and sell loans to the secondary market. To that end, Countrywide viewed the appraisal process as a speed bump in the road to closing a loan." Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

49.     In response to paragraph 49 of the TAC, Defendants admit that Kyle Lagow was the relator who filed a *qui tam* complaint. Defendants state that the *qui tam* complaint speaks for itself. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

50.     In response to paragraph 50 of the TAC, Defendants state that the whistleblower

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

7

1   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

2   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

3   and specifically, each and every allegation contained therein.

4       51.    In response to paragraph 51 of the TAC, Defendants state that the whistleblower

5   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

6   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

7   and specifically, each and every allegation contained therein.

8       52.    In response to paragraph 52 of the TAC, Defendants state that the whistleblower

9   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

10   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

11   and specifically, each and every allegation contained therein.

12       53.    In response to paragraph 53 of the TAC, Defendants state that the whistleblower

13   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

14   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

15   and specifically, each and every allegation contained therein.

16       54.    In response to paragraph 54 of the TAC, Defendants state that the whistleblower

17   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

18   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

19   and specifically, each and every allegation contained therein.

20       55.    In response to paragraph 55 of the TAC, Defendants state that the whistleblower

21   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

22   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

23   and specifically, each and every allegation contained therein.

24       56.    In response to paragraph 56 of the TAC, Defendants state that the whistleblower

25   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

26   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

27   and specifically, each and every allegation contained therein.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

57. In response to paragraph 57 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

**C.      Defendants Defraud Plaintiff Twice**

58. In response to paragraph 58 of the TAC, Defendants admit that Plaintiff applied for and obtained CHL loans in the amounts of $76,000 and $19,000 in July and August 2004. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

59. In response to paragraph 59 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements. Defendants state that those documents as well as any USPAP statutes and regulations speak for themselves. Defendants deny, generally and specifically, the remaining allegations contained therein.

61. In response to paragraph 61 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements among others. Defendants state that those documents speak for themselves. Defendants deny, generally and specifically, the remaining allegations contained therein.

62. In response to paragraph 62 of the TAC, Defendants admit that CHL prepared certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including good faith estimates and HUD-1 settlement statements among others. Defendants state that those

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

9

1  documents speak for themselves. Defendants deny, generally and specifically, the remaining

2  allegations contained therein.

3      63.    In response to paragraph 63 of the TAC, Defendants admit that Barry Johnson of

4  William & Stuart Appraisal prepared an appraisal field report relating to Plaintiff's property.

5  Defendants state that the document speak for itself. Defendants deny, generally and specifically,

6  the remaining allegations contained therein.

7      64.    In response to paragraph 64 of the TAC, Defendants admit that CHL provided

8  Plaintiff with a copy of the 2004 property appraisal report. Defendants deny, generally and

9  specifically, the remaining allegations contained therein.

10     65.    In response to paragraph 65 of the TAC, Defendants deny, generally and

11 specifically, each and every allegation contained therein.

12     66.    In response to paragraph 66 of the TAC, Defendants admit that an appraisal fee was

13 collected for the 2004 property appraisal. Defendants deny, generally and specifically, the

14 remaining allegations contained therein.

15     67.    In response to paragraph 67 of the TAC, deny, generally and specifically, each and

16 every allegation contained therein.

17     68.    In response to paragraph 68 of the TAC, Defendants admit that Plaintiff applied for

18 a CHL loan in June 2007. Defendants are without sufficient information or knowledge to form a

19 belief as to the truth of the remaining allegations contained in this paragraph, and on that basis

20 deny, generally and specifically, each and every allegation contained therein.

21     69.    In response to paragraph 69 of the TAC, Defendants are without sufficient

22 information or knowledge to form a belief as to the truth of the allegations contained in this

23 paragraph, and on that basis deny, generally and specifically, each and every allegation contained

24 therein.

25     70.    In response to paragraph 70 of the TAC, Defendants admit that CHL prepared

26 certain loan application and disclosure documents in connection with Plaintiff's 2007 loan

27 application. Defendants state that those documents speak for themselves. Defendants deny,

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10

generally and specifically, the remaining allegations contained therein.

71.     In response to paragraph 71 of the TAC, Defendants admit that David Dotson of LSA conducted appraisal work relating to Plaintiff's property and that a LSA appraisal field report was issued. Defendants deny, generally and specifically, the remaining allegations contained therein, including the allegation that the appraisal contained false representations.

72.     In response to paragraph 72 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

73.     In response to paragraph 73 of the TAC, Defendants admit that CHL prepared certain loan application and disclosure documents in connection with Plaintiff's 2007 loan application. Defendants state that those documents speak for themselves. Defendants deny, generally and specifically, the remaining allegations contained therein.

74.     In response to paragraph 74 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

75.     In response to paragraph 75 of the TAC, Defendants admit that an appraisal fee was collected for the 2007 LSA property appraisal. Defendants deny, generally and specifically, the remaining allegations contained therein.

76.     In response to paragraph 76 of the TAC, deny, generally and specifically, the remaining allegations contained therein.

77.     In response to paragraph 77 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

78.     In response to paragraph 78 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## TOLLING OF THE STATUTE OF LIMITATIONS

79.     In response to paragraph 79 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

11

1    80.    In response to paragraph 80 of the TAC, Defendants deny, generally and

2    specifically, each and every allegation in this paragraph.

3    81.    In response to paragraph 81 of the TAC, Defendants deny, generally and

4    specifically, each and every allegation in this paragraph.

5                    **CLASS ACTION ALLEGATIONS**

6    82.    In response to paragraph 82 of the TAC, Defendants admit that Plaintiff seeks to

7    certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

8    may represent the proposed class, and that Plaintiff or any of the putative class members are

9    entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11   83.    In response to paragraph 83 of the TAC, Defendants admit that Plaintiff seeks to

12   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

13   may represent the proposed class, and that Plaintiff or any of the putative class members are

14   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

15   specifically, each and every allegation in this paragraph.

16   84.    In response to paragraph 84 of the TAC, Defendants deny, generally and

17   specifically, each and every allegation in this paragraph.

18   85.    In response to paragraph 85 of the TAC, Defendants deny, generally and

19   specifically, each and every allegation in this paragraph.

20   86.    In response to paragraph 86 of the TAC, Defendants deny, generally and

21   specifically, each and every allegation in this paragraph.

22   87.    In response to paragraph 87 of the TAC, Defendants deny, generally and

23   specifically, each and every allegation in this paragraph.

24   88.    In response to paragraph 88 of the TAC, Defendants deny, generally and

25   specifically, each and every allegation in this paragraph.

26   89.    In response to paragraph 89 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    90.    In response to paragraph 90 of the TAC, Defendants deny, generally and

2    specifically, each and every allegation in this paragraph.

3    91.    In response to paragraph 91 of the TAC, Defendants deny, generally and

4    specifically, each and every allegation in this paragraph.

5    92.    In response to paragraph 92 of the TAC, Defendants deny, generally and

6    specifically, each and every allegation in this paragraph.

7    93.    In response to paragraph 93 of the TAC, Defendants deny, generally and

8    specifically, each and every allegation in this paragraph.

9    94.    In response to paragraph 94 of the TAC, Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11   95.    In response to paragraph 95 of the TAC, Defendants deny, generally and

12   specifically, each and every allegation in this paragraph.

13   **FIRST CLAIM FOR RELIEF**

14   **Violation of Unfair Competition Law**

15   **(California Business and Professions Code § 17200 *et seq.*)**

16   96.    In response to paragraph 96 of the TAC, Defendants incorporate all statements in

17   response to the preceding paragraphs as if set forth herein.

18   97.    In response to paragraph 97 of the TAC, Defendants admit that Plaintiff seeks to

19   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

20   may represent the proposed class, and that Plaintiff or any of the putative class members are

21   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

22   specifically, each and every allegation in this paragraph.

23   98.    In response to paragraph 98 of the TAC, Defendants state the statute speaks for

24   itself. Defendants deny, generally and specifically, each and every remaining allegation in this

25   paragraph.

26   99.    In response to paragraph 99 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

13

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    100.    In response to paragraph 100 of the TAC, Defendants deny, generally and

2    specifically, each and every allegation in this paragraph.

3    101.    In response to paragraph 101 of the TAC, Defendants deny, generally and

4    specifically, each and every allegation in this paragraph.

5    102.    In response to paragraph 102 of the TAC, Defendants deny, generally and

6    specifically, each and every allegation in this paragraph.

7    103.    In response to paragraph 103 of the TAC, Defendants deny, generally and

8    specifically, each and every allegation in this paragraph.

9    104.    In response to paragraph 104 of the TAC, Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11   105.    In response to paragraph 105 of the TAC, Defendants deny, generally and

12   specifically, each and every allegation in this paragraph.

13   106.    In response to paragraph 106 of the TAC, Defendants deny, generally and

14   specifically, each and every allegation in this paragraph.

15   107.    In response to paragraph 107 of the TAC, Defendants deny, generally and

16   specifically, each and every allegation in this paragraph.

17   108.    In response to paragraph 108 of the TAC, Defendants deny, generally and

18   specifically, each and every allegation in this paragraph.

19   109.    In response to paragraph 109 of the TAC, Defendants deny, generally and

20   specifically, each and every allegation in this paragraph.

21   **SECOND CLAIM FOR RELIEF**

22   **Violations of Racketeer Influenced and Corrupt Organizations Act**

23   **(18 U.S.C. § 1962(c))**

24   110.    In response to paragraph 110 of the TAC, Defendants incorporate all statements in

25   response to the preceding paragraphs as if set forth herein.

26   111.    In response to paragraph 111 of the TAC, Defendants admit that Plaintiff seeks to

27   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

28

14

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1   may represent the proposed class, and that Plaintiff or any of the putative class members are

2   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

3   specifically, each and every allegation in this paragraph.

4                   **THE RICO ENTERPRISE**

5       112.    In response to paragraph 112 of the TAC, Defendants state the statute speaks for

6   itself. Defendants further state that the allegations are legal conclusions for which no response is

7   necessary. To the extent a response is required, Defendants lack adequate information to admit or

8   deny the allegations, and on that basis deny them.

9       113.    In response to paragraph 113 of the TAC, Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11       114.    In response to paragraph 114 of the TAC, Defendants deny, generally and

12   specifically, each and every allegation in this paragraph.

13       115.    In response to paragraph 115 of the TAC, Defendants deny, generally and

14   specifically, each and every allegation in this paragraph.

15       116.    In response to paragraph 116 of the TAC, Defendants deny, generally and

16   specifically, each and every allegation in this paragraph.

17                   **THE PREDICATE ACTS**

18       117.    In response to paragraph 117 of the TAC, Defendants deny, generally and

19   specifically, each and every allegation in this paragraph.

20       118.    In response to paragraph 118 of the TAC, Defendants deny, generally and

21   specifically, each and every allegation in this paragraph.

22       119.    In response to paragraph 119 of the TAC, Defendants state the statute speaks for

23   itself.

24       120.    In response to paragraph 120 of the TAC, Defendants deny, generally and

25   specifically, each and every allegation in this paragraph.

26       121.    In response to paragraph 121 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

15

122.     In response to paragraph 122 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

123.     In response to paragraph 123 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

124.     In response to paragraph 124 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

125.     In response to paragraph 125 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

126.     In response to paragraph 126 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

127.     In response to paragraph 127 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

128.     In response to paragraph 128 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

129.     In response to paragraph 129 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

130.     In response to paragraph 130 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

131.     In response to paragraph 131 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

### THIRD CLAIM FOR RELIEF

**Violation of the Racketeer Influenced and Corrupt Organizations Act, Conspiracy to Violate**

**Title 18 United States Code section 1962(c)**

**(18 U.S.C. § 1962(d))**

132.     In response to paragraph 132 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

133.     In response to paragraph 133 of the TAC, Defendants admit that Plaintiff seeks to

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

16

1   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

2   may represent the proposed class, and that Plaintiff or any of the putative class members are

3   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

4   specifically, each and every allegation in this paragraph.

5       134.   In response to paragraph 134 of the TAC, Defendants deny, generally and

6   specifically, each and every allegation in this paragraph.

7       135.   In response to paragraph 135 of the TAC, Defendants deny, generally and

8   specifically, each and every allegation in this paragraph.

9       136.   In response to paragraph 136 of the TAC, Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11            **FOURTH CLAIM FOR RELIEF**

12                **Unjust Enrichment**

13       137.   In response to paragraph 137 of the TAC, Defendants incorporate all statements in

14   response to the preceding paragraphs as if set forth herein.

15       138.   In response to paragraph 138 of the TAC, Defendants admit that Plaintiff seeks to

16   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

17   may represent the proposed class, and that Plaintiff or any of the putative class members are

18   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

19   specifically, each and every allegation in this paragraph.

20       139.   In response to paragraph 139 of the TAC, Defendants deny, generally and

21   specifically, each and every allegation in this paragraph.

22       140.   In response to paragraph 140 of the TAC, Defendants deny, generally and

23   specifically, each and every allegation in this paragraph.

24       141.   In response to paragraph 141 of the TAC, Defendants deny, generally and

25   specifically, each and every allegation in this paragraph.

26       142.   In response to paragraph 142 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    143.    In response to paragraph 143 of the TAC, Defendants deny, generally and
2    specifically, each and every allegation in this paragraph.

3    144.    In response to paragraph 144 of the TAC, Defendants deny, generally and
4    specifically, each and every allegation in this paragraph.

5                          **FIFTH CLAIM FOR RELIEF**

6                                     **Fraud**

7    145.    In response to paragraph 145 of the TAC, Defendants incorporate all statements in
8    response to the preceding paragraphs as if set forth herein.

9    146.    In response to paragraph 146 of the TAC, Defendants admit that Plaintiff seeks to
10   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff
11   may represent the proposed class, and that Plaintiff or any of the putative class members are
12   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and
13   specifically, each and every allegation in this paragraph.

14   147.    In response to paragraph 147 of the TAC, Defendants deny, generally and
15   specifically, each and every allegation in this paragraph.

16   148.    In response to paragraph 148 of the TAC, Defendants deny, generally and
17   specifically, each and every allegation in this paragraph.

18   149.    In response to paragraph 149 of the TAC, Defendants are without sufficient
19   information or knowledge to form a belief as to the truth of the allegations contained in this
20   paragraph, and on that basis deny, generally and specifically, each and every allegation contained
21   therein.

22   150.    In response to paragraph 150 of the TAC, Defendants deny, generally and
23   specifically, each and every allegation in this paragraph.

24   151.    In response to paragraph 151 of the TAC, Defendants deny, generally and
25   specifically, each and every allegation in this paragraph.

26   152.    In response to paragraph 152 of the TAC, Defendants deny, generally and
27   specifically, each and every allegation in this paragraph.

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1   153.   In response to paragraph 153 of the TAC, Defendants deny, generally and

2   specifically, each and every allegation in this paragraph.

3   154.   In response to paragraph 154 of the TAC, Defendants deny, generally and

4   specifically, each and every allegation in this paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses to the allegations in the TAC, Defendants, and each one of Defendants, allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts to Constitute a Claim)

1.   The TAC, and each and every purported claim therein, fails to allege sufficient facts to state a claim of relief against Defendants, or any of Defendants. Among other reasons, Defendants did not inflate or manipulate Plaintiff's 2004 and 2007 appraisals and did not make any misrepresentations as to the quality and value of the appraisals. Moreover, defendants CFC, BAC, BANA, and LSI were not involved in Plaintiff's loan and appraisal transactions. Furthermore, Plaintiff's claims are time-barred by the applicable statutes of limitations as Plaintiff received her appraisals in 2004 and 2007 and did not conduct reasonable due diligence relating to her detailed appraisal reports.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

2.   The TAC is barred, in whole or in part, because any injuries, damages and/or losses suffered by Plaintiff, if any, were the result of the Plaintiff's failure to use reasonable means to review her appraisals and mitigate her damages in this action, and otherwise exercise due and ordinary care on her own behalf by, among other things, failing to inquire about the appraisal charges she now disputes and the contents of the appraisals that she received.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.   Plaintiff lacks standing to assert some or all of her claims against Defendants and to

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

19

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   represent any putative class, the existence of which is expressly denied.

2                               **FOURTH AFFIRMATIVE DEFENSE**

3                                         **(Estoppel)**

4          4.      The TAC is barred, in whole or in part, by the doctrine of estoppel.

5                               **FIFTH AFFIRMATIVE DEFENSE**

6                                         **(Laches)**

7          5.      The TAC is barred, in whole or in part, by the doctrine of laches

8                               **SIXTH AFFIRMATIVE DEFENSE**

9                                         **(Waiver)**

10         6.      The TAC is barred, in whole or in part, by the doctrine of waiver.

11                              **SEVENTH AFFIRMATIVE DEFENSE**

12                                  **(Voluntary Payment)**

13         7.      The TAC is barred, in whole or in part, by the doctrine of voluntary payment.

14                              **EIGHTH AFFIRMATIVE DEFENSE**

15                                    **(Unclean Hands)**

16         8.      The TAC is barred, in whole or in part, by the doctrine of unclean hands.

17                              **NINTH AFFIRMATIVE DEFENSE**

18                                   **(Proximate Cause)**

19         9.      The TAC is barred, in whole or in part, because none of the alleged acts or

20   omissions of Defendants were the proximate cause of Plaintiff's purported injuries and damages, if

21   any.

22                              **TENTH AFFIRMATIVE DEFENSE**

23                          **(Disclosure, Ratification, Consent)**

24         10.     The TAC is barred, in whole or in part, because of Plaintiff's ratification,

25   agreement, acquiescence, or consent to the allegedly inflated appraisals because she received the

26   detailed appraisal reports in 2004 and 2007.

27   / / /

28
                                               20

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional as Class Action)**

11.     The class allegations are barred on the ground that if this action is certified as a class action, Defendants' rights under the Fifth and Seventh Amendments of the United States Constitution would be violated.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Plaintiff and the Alleged Putative Class are Not Similarly Situated)**

12.     Given the individual nature of Plaintiff's claims, class certification is inappropriate because Plaintiff and the alleged putative class, the existence of which is expressly denied, are not similarly situated.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Adequacy of Representation)**

13.     Plaintiff cannot maintain this action as a class action because they are not proper representatives of the alleged putative class, the existence of which is expressly denied, and the alleged putative class does not have adequate representation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Conflicting Interests)**

14.     Plaintiff has interests that conflict with those of the alleged putative class, the existence of which is expressly denied.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Commonality)**

15.     Given the individual nature of Plaintiff's claims, class certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individuals.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Typicality)**

16.     Given the individual nature of Plaintiff's claims, class certification is inappropriate

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

21

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    because her claims are not typical of those of the alleged putative class, the existence of which is

2    expressly denied.

3                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

4                              **(Lack of Superiority)**

5            17.     Given the individual nature of Plaintiff's claims, class certification is inappropriate

6    because Plaintiff cannot demonstrate that class litigation is superior to other available means of

7    adjudication.

8                     **EIGHTEENTH AFFIRMATIVE DEFENSE**

9                          **(Lack of Community of Interest)**

10           18.     There is no community of interest between Plaintiff and the alleged putative class,

11   the existence of which is expressly denied.

12                    **NINETEENTH AFFIRMATIVE DEFENSE**

13                   **(Alleged Class is not Easily Ascertainable)**

14           19.     The alleged putative class, the existence of which is expressly denied, is not easily

15   ascertainable.

16                     **TWENTIETH AFFIRMATIVE DEFENSE**

17                            **(Statute of Limitations)**

18           20.     Defendants are informed and believe and on that basis allege that Plaintiff's claims

19   are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to,

20   the statute of limitations set forth in California Code of Civil Procedure sections 337, 338, and 339,

21   California Business and Professions Code section 17208, and *Agency Holding Corp. v. Malley–*

22   *Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (four-year statute of limitations for civil RICO

23   claims), *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four-year statute of limitations

24   for civil RICO claims), *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346-48 (2008) (recovery for

25   unjust enrichment is subject to a three-year statute of limitations); *Denholm v. Houghton Miffin*

26   *Co.*, 912 F.2d 357, 362 (9th Cir. 1990) (fraud claims have a three year statute of limitations).

27   / / /

28

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

### **(Reservation of Future Defenses)**

21. Defendants hereby reserve the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff and any putative class take nothing by Plaintiff's TAC and that the same be dismissed with prejudice;

2. That Defendants have judgment entered in their favor;

3. That Defendants be awarded costs of suit; and

4. For such other and further relief as this Court deems proper.

Dated: August __, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _____

Kazim A. Naqvi
Attorneys for Defendants

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

23

# EXHIBIT F

# EXHIBIT F

1  Robert E. Boone III, SBN 132780
   reboone@bclplaw.com
2  Douglas A. Thompson, SBN 155619
   Douglas.thompson@bclplaw.com
3  Linda C. Hsu, SBN 239880
   Linda.hsu@bclplaw.com
4  Kazim A. Naqvi, SBN 300438
5  Kazim.naqvi@bclplaw.com
   BRYAN CAVE LEIGHTON PAISNER LLP
6  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
7  Telephone:  (310) 576-2100
8  Facsimile:  (310) 576-2200

9  Attorneys for Defendants
10 Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans");
   Countrywide Financial Corporation; Bank of America, N.A., as successor by April
11 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
   Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and
12 LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,
   Inc.") (erroneously sued as "Landsafe Appraisals Inc.")

13
14           **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16 BARBARA WALDRUP, individually,        Case ~~No. CV13~~Number:  2:13-cv-
   and on behalf of other members of the  08833-~~-~~CAS ~~(CWx)~~ (-AGR
17 general public similarly situated,      Lead Case)

   Plaintiffs,
18
                                          (Consolidated with Case No. 2:16-cv-
19    v.                                  4166-CAS-AGR)

20 COUNTRYWIDE FINANCIAL                  **DEFENDANTS'**
21 CORPORATION, a Delaware               ~~**AMENDED**~~**SECOND AMENDED**
   corporation, COUNTRYWIDE HOME          **ANSWER TO PLAINTIFF'S**
22 LOANS, a New York corporation,         **THIRD AMENDED COMPLAINT**
   COUNTRYWIDE BANK, N.A., a
23 national association, BANK OF          Judge:  Christina A. Snyder
   AMERICA CORPORATION, a               Magistrate Judge:  Alicia G. Rosenberg
24 Delaware corporation, LANDSAFE,
   INC., a Delaware corporation,          Action Filed:  November 27, 2013
25 LANDSAFE APPRAISAL, INC., a           Trial Date:  January 14, 2020
26 California corporation,

27           Defendants.

28
   ────────────────────────────────────────
   DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
                       COMPLAINT
   USA\600671979.1

1   ELIZABETH WILLIAMS, BECKIE
2   REASTER, REBECCA MURPHY,
    individually, and on behalf of all others
3   similarly situated,

4                         Plaintiffs,

5           v.

6   COUNTRYWIDE FINANCIAL
7   CORPORATION, a Delaware
    corporation, COUNTRYWIDE HOME
8   LOANS, a New York corporation,
    COUNTRYWIDE BANK, N.A., a
9   national association, BANK OF
    AMERICA CORPORATION, a
10  Delaware corporation, LANDSAFE,
    INC., a Delaware corporation,
11  LANDSAFE APPRAISALS, INC., a
    California corporation,
12

13                        Defendants.

14

BRYAN CAVE LLP
Santa Monica, California 90401-2386

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USA\600671979.1

1    Defendants Countrywide Financial Corporation ("CFC"), Countrywide Home

2    Loans, Inc. (erroneously sued as "Countrywide Home Loans") ("CHL"), Bank of America, N.A.,

3    as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as

4    Countrywide Bank, N.A.) ("BANA"), Bank of America Corporation ("BAC"), LandSafe, Inc.

5    ("LSI"), and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions,

6    Inc.") (erroneously sued as "Landsafe Appraisal Inc.") ("LSA") provide an amended answer to the

7    Third Amended Complaint ("TAC") of Plaintiff Barbara Waldrup ("Plaintiff") as follows:

8                              **INTRODUCTION**

9        1.    In response to paragraph 1 of the TAC, Defendants deny, generally and specifically,

10   each and every allegation contained therein.

11       2.    In response to paragraph 2 of the TAC, Defendants are without sufficient

12   information or knowledge to form a belief as to the truth of the allegations contained in this

13   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

14   therein.

15       3.    In response to paragraph 3 of the TAC, Defendants deny, generally and specifically,

16   each and every allegation contained therein.

17       4.    In response to paragraph 4 of the TAC, Defendants state the statute speaks for itself.

18   Defendants deny, generally and specifically, each and every remaining allegation contained

19   therein.

20       5.    In response to paragraph 5 of the TAC, Defendants state the statutes speak for

21   themselves. Defendants deny, generally and specifically, each and every remaining allegation

22   contained therein.

23       6.    In response to paragraph 6 of the TAC, Defendants deny, generally and specifically,

24   each and every allegation contained therein.

25       7.    In response to paragraph 7 of the TAC, Defendants admit that in connection with

26   loan underwriting, CHL required an appraisal to be performed, and for the majority of the putative

27   class period, CHL generally required LSA to review or provide the appraisal product.  Defendants

28

1186172.3                                    1

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1 admit that LSA and CHL were subsidiaries of CFC at the time of Plaintiff's 2004 and 2007

2 transactions at issue. Defendants deny, generally and specifically, each and every remaining

3 allegation contained therein.

4        8.      In response to paragraph 8 of the TAC, Defendants deny, generally and specifically,

5 each and every allegation contained therein.

6        9.      In response to paragraph 9 of the TAC, Defendants deny, generally and specifically,

7 each and every allegation contained therein.

8       10.    In response to paragraph 10 of the TAC, Defendants deny, generally and

9 specifically, each and every allegation contained therein.

10      11.    In response to paragraph 11 of the TAC, Defendants deny, generally and

11 specifically, each and every allegation contained therein.

12                **JURISDICTION AND VENUE**

13      12.    In response to paragraph 12 of the TAC, Defendants are without sufficient

14 information or knowledge to form a belief as to the truth of the allegations contained in this

15 paragraph, and on that basis deny, generally and specifically, each and every allegation contained

16 therein.

17      13.    In response to paragraph 13 of the TAC, Defendants state the statutes speak for

18 themselves. Defendants further state that this paragraph does not call for admission or denial.

19      14.    In response to paragraph 14 of the TAC, Defendants admit that Defendants CHL

20 and LSA have transacted business with regard to properties located within the Central District of

21 California. Other than specifically admitted herein, Defendants deny, generally and specifically,

22 each and every remaining allegation in this paragraph.

23                **PARTIES**

24      15.    In response to paragraph 15 of the TAC, Defendants are without sufficient

25 information or knowledge to form a belief as to the truth of the allegations contained in this

26 paragraph, and on that basis deny, generally and specifically, each and every allegation contained

27 therein.

28

1186172.3

2

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1   16.    In response to paragraph 16 of the TAC, Defendants admit that CFC is a Delaware

2   corporation, was the parent corporation for CHL, and was a publicly traded company at the time of

3   Plaintiff's transactions in 2004 and 2007. Other than specifically admitted herein, Defendants deny,

4   generally and specifically, each and every remaining allegation in this paragraph.

5   17.    In response to paragraph 17 of the TAC, Defendants admit that CHL is a New York

6   corporation. Defendants further admit that CHL is a wholly-owned subsidiary of CFC. Other than

7   specifically admitted herein, Defendants deny, generally and specifically, each and every

8   remaining allegation in this paragraph.

9   18.    In response to paragraph 18 of the TAC, Defendants admit that Full Spectrum

10  Lending, Inc. ("FSL") merged into CHL in December 2004. Other than specifically admitted

11  herein, Defendants deny, generally and specifically, each and every remaining allegation in this

12  paragraph.

13  19.    In response to paragraph 19 of the TAC, Defendants admit that Countrywide Bank,

14  FSB (formerly known as Countrywide Bank, N.A.) was merged into BANA by April 27, 2009 de

15  jure merger and no longer exists as a separate entity. Other than specifically admitted herein,

16  Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

17  20.    In response to paragraph 20 of the TAC, Defendants deny, generally and

18  specifically, each and every allegation in this paragraph.

19  21.    In response to paragraph 21 of the TAC, Defendants admit that BAC is a Delaware

20  Corporation, is a financial holding company, and has its principal place of business at 100 N.

21  Tyron Street, Charlotte, North Carolina. Other than specifically admitted herein, Defendants deny,

22  generally and specifically, each and every remaining allegation in this paragraph.

23  22.    In response to paragraph 22 of the TAC, Defendants admit that on July 1, 2008,

24  CFC merged with and into Red Oak Merger Corporation (a direct subsidiary of BAC), and wherein

25  Red Oak Merger Corporation changed its name to CFC, and thus, CFC and all of its subsidiaries

26  became indirect subsidiaries of BAC. Other than specifically admitted herein, Defendants deny,

27  generally and specifically, each and every remaining allegation in this paragraph.

28

1486472.3                                          3

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

23.      In response to paragraph 23 of the TAC, Defendants admit that at certain times during the putative class period from January 1, 2003 to December 31, 2008 certain of the Defendant entities were part of an affiliated family of companies. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

24.      In response to paragraph 24 of the TAC, Defendants admit that the Federal Reserve issued on June 5, 2008 an "Order Approving the Acquisition of a Savings Association and Other Nonbanking Activities." Defendants contend that document speaks for itself. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

25.      In response to paragraph 25 of the TAC, Defendants admit that the Bank of America Home Loans brand was announced in April 2009. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

26.      In response to paragraph 26 of the TAC, Defendants admit that the Bank of America Home Loans brand was announced in April 2009. Defendants contend that any press releases issued will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

27.      In response to paragraph 27 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public statements will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

28.      In response to paragraph 28 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public statements will speak for themselves. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

29.      In response to paragraph 29 of the TAC, Defendants admit that certain press releases or other public announcements may have been made. Such press releases or public

1186172.3                                        4

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1  statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

2  generally and specifically, each and every remaining allegation in this paragraph.

3      30.    In response to paragraph 30 of the TAC, Defendants admit certain public

4  statements may have been made in periodic regulatory filings. Such public statements will speak

5  for themselves. Other than specifically admitted herein, Defendants deny, generally and

6  specifically, each and every remaining allegation in this paragraph.

7      31.    In response to paragraph 31 of the TAC, Defendants admit that certain press

8  releases or other public announcements may have been made. Such press releases or public

9  statements will speak for themselves. Other than specifically admitted herein, Defendants deny,

10  generally and specifically, each and every remaining allegation in this paragraph.

11      32.    In response to paragraph 32 of the TAC, Defendants deny, generally and

12  specifically, each and every allegation in this paragraph.

13      33.    In response to paragraph 33 of the TAC, Defendants admit that at all relevant times

14  in the TAC, LSI was a Delaware corporation headquartered at 6400 Legacy Drive, Plano, Texas

15  75024. Other than specifically admitted herein, Defendants deny, generally and specifically, each

16  and every remaining allegation in this paragraph.

17      34.    In response to paragraph 34 of the TAC, Defendants admit that at all relevant times

18  in the TAC, LSA was a California corporation and wholly-owned subsidiary of LSI. Other than

19  specifically admitted herein, Defendants deny, generally and specifically, each and every

20  remaining allegation in this paragraph.

21      35.    In response to paragraph 35 of the TAC, Defendants deny, generally and

22  specifically, each and every allegation in this paragraph.

23                        **FACTUAL BACKGROUND**

24  **A.**    **Real Estate Appraisal Standards**

25      36.    In response to paragraph 36 of the TAC, Defendants state that this paragraph does

26  not call for an admission or denial and may call for a legal conclusion. To the extent that an

27  admission or denial is required, Defendants deny each and every allegation contained herein.

28

5

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    37.    In response to paragraph 37 of the TAC, Defendants state that this paragraph does

2  not call for an admission or denial and may call for a legal conclusion. To the extent that an

3  admission or denial is required, Defendants deny each and every allegation contained herein.

4    38.    In response to paragraph 38 of the TAC, Defendants state the statutes speak for

5  themselves. Defendants state that this paragraph does not call for an admission or denial and may

6  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

7  each and every allegation contained herein.

8    39.    In response to paragraph 39 of the TAC, Defendants state the statutes speak for

9  themselves. Defendants state that this paragraph does not call for an admission or denial and may

10  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

11  each and every allegation contained herein.

12    40.    In response to paragraph 40 of the TAC, Defendants state the statutes speak for

13  themselves. Defendants state that this paragraph does not call for an admission or denial and may

14  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

15  each and every allegation contained herein.

16    41.    In response to paragraph 41 of the TAC, Defendants state the statutes speak for

17  themselves. Defendants state that this paragraph does not call for an admission or denial and may

18  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

19  each and every allegation contained herein.

20    42.    In response to paragraph 42 of the TAC, Defendants state the statutes speak for

21  themselves. Defendants state that this paragraph does not call for an admission or denial and may

22  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

23  each and every allegation contained herein.

24    43.    In response to paragraph 43 of the TAC, Defendants state the statutes speak for

25  themselves. Defendants state that this paragraph does not call for an admission or denial and may

26  call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny

27  each and every allegation contained herein.

28

1186172.3                                    6

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

44.     In response to paragraph 44 of the TAC, Defendants state the statutes speak for themselves. Defendants state that this paragraph does not call for an admission or denial and may call for a legal conclusion. To the extent that an admission or denial is required, Defendants deny each and every allegation contained herein.

**B.    Countrywide's Fraudulent Appraisal Scheme**

45.     In response to paragraph 45 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the TAC, Defendants admit that CHL originated mortgages through various mortgage production business divisions.  Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

47.     In response to paragraph 47 of the TAC, Defendants deny, generally and specifically, the allegation that "Countrywide began loosening its underwriting efforts to rapidly close and sell loans to the secondary market. To that end, Countrywide viewed the appraisal process as a speed bump in the road to closing a loan." Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

49.     In response to paragraph 49 of the TAC, Defendants admit that Kyle Lagow was the relator who filed a *qui tam* complaint. Defendants state that the *qui tam* complaint speaks for itself. Other than specifically admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

50.     In response to paragraph 50 of the TAC, Defendants state that the whistleblower

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

2    belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

3    and specifically, each and every allegation contained therein.

4          51.      In response to paragraph 51 of the TAC, Defendants state that the whistleblower

5    complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

6    belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

7    and specifically, each and every allegation contained therein.

8          52.      ·In response to paragraph 52 of the TAC, Defendants state that the whistleblower

9    complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

10   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

11   and specifically, each and every allegation contained therein.

12         53.      In response to paragraph 53 of the TAC, Defendants state that the whistleblower

13   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

14   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

15   and specifically, each and every allegation contained therein.

16         54.      In response to paragraph 54 of the TAC, Defendants state that the whistleblower

17   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

18   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

19   and specifically, each and every allegation contained therein.

20         55.      In response to paragraph 55 of the TAC, Defendants state that the whistleblower

21   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

22   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

23   and specifically, each and every allegation contained therein.

24         56.      In response to paragraph 56 of the TAC, Defendants state that the whistleblower

25   complaint speaks for itself. Defendants are without sufficient information or knowledge to form a

26   belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally

27   and specifically, each and every allegation contained therein.

28

1486172.3

8

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1      57.     In response to paragraph 57 of the TAC, Defendants are without sufficient

2   information or knowledge to form a belief as to the truth of the allegations contained in this

3   paragraph, and on that basis deny, generally and specifically, each and every allegation contained

4   therein.

5      **C.   Defendants Defraud Plaintiff Twice**

6      58.     In response to paragraph 58 of the TAC, Defendants admit that Plaintiff applied for

7   and obtained CHL loans in the amounts of $76,000 and $19,000 in July and August 2004.

8   Defendants are without sufficient information or knowledge to form a belief as to the truth of the

9   remaining allegations containe d in this paragraph, and on that basis deny, generally and

10  specifically, each and every allegation contained therein.

11     59.     In response to paragraph 59 of the TAC, Defendants are without sufficient

12  information or knowledge to form a belief as to the truth of the allegations contained in this

13  paragraph, and on that basis deny, generally and specifically, each and every allegation contained

14  therein.

15     60.     In response to paragraph 60 of the TAC, Defendants admit that CHL prepared

16  certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including

17  good faith estimates and HUD-1 settlement statements. Defendants state that those documents as

18  well as any USPAP statutes and regulations speak for themselves. Defendants deny, generally and

19  specifically, the remaining allegations contained therein.

20     61.     In response to paragraph 61 of the TAC, Defendants admit that CHL prepared

21  certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including

22  good faith estimates and HUD-1 settlement statements among others. Defendants state that those

23  documents speak for themselves. Defendants deny, generally and specifically, the remaining

24  allegations contained therein.

25     62.     In response to paragraph 62 of the TAC, Defendants admit that CHL prepared

26  certain loan closing and disclosure documents in connection with Plaintiff's 2004 loan, including

27  good faith estimates and HUD-1 settlement statements among others. Defendants state that those

28

1  documents speak for themselves. Defendants deny, generally and specifically, the remaining

2  allegations contained therein.

3       63.     In response to paragraph 63 of the TAC, Defendants admit that Barry Johnson of

4  William & Stuart Appraisal prepared an appraisal field report relating to Plaintiff's property.

5  Defendants state that the document speak for itself. Defendants deny, generally and specifically,

6  the remaining allegations contained therein.

7       64.     In response to paragraph 64 of the TAC, Defendants admit that CHL provided

8  Plaintiff with a copy of the 2004 property appraisal report. Defendants deny, generally and

9  specifically, the remaining allegations contained therein.

10      65.     In response to paragraph 65 of the TAC, Defendants deny, generally and

11  specifically, each and every allegation contained therein.

12      66.     In response to paragraph 66 of the TAC, Defendants admit that an appraisal fee was

13  collected for the 2004 property appraisal. Defendants deny, generally and specifically, the

14  remaining allegations contained therein.

15      67.     In response to paragraph 67 of the TAC, deny, generally and specifically, each and

16  every allegation contained therein.

17      68.     In response to paragraph 68 of the TAC, Defendants admit that Plaintiff applied for

18  a CHL loan in June 2007. Defendants are without sufficient information or knowledge to form a

19  belief as to the truth of the remaining allegations contained in this paragraph, and on that basis

20  deny, generally and specifically, each and every allegation contained therein.

21      69.     In response to paragraph 69 of the TAC, Defendants are without sufficient

22  information or knowledge to form a belief as to the truth of the allegations contained in this

23  paragraph, and on that basis deny, generally and specifically, each and every allegation contained

24  therein.

25      70.     In response to paragraph 70 of the TAC, Defendants admit that CHL prepared

26  certain loan application and disclosure documents in connection with Plaintiff's 2007 loan

27  application. Defendants state that those documents speak for themselves. Defendants deny,

28

1186172.3                                 10

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1  generally and specifically, the remaining allegations contained therein.

2      71.    In response to paragraph 71 of the TAC, Defendants admit that David Dotson of

3  LSA conducted appraisal work relating to Plaintiff's property and that a LSA appraisal field report

4  was issued. Defendants deny, generally and specifically, the remaining allegations contained

5  therein, including the allegation that the appraisal contained false representations.

6      72.    In response to paragraph 72 of the TAC, Defendants are without sufficient

7  information or knowledge to form a belief as to the truth of the allegations contained in this

8  paragraph, and on that basis deny, generally and specifically, each and every allegation contained

9  therein.

10      73.    In response to paragraph 73 of the TAC, Defendants admit that CHL prepared

11  certain loan application and disclosure documents in connection with Plaintiff's 2007 loan

12  application. Defendants state that those documents speak for themselves. Defendants deny,

13  generally and specifically, the remaining allegations contained therein.

14      74.    In response to paragraph 74 of the TAC, Defendants deny, generally and

15  specifically, each and every allegation in this paragraph.

16      75.    In response to paragraph 75 of the TAC, Defendants admit that an appraisal fee was

17  collected for the 2007 LSA property appraisal. Defendants deny, generally and specifically, the

18  remaining allegations contained therein.

19      76.    In response to paragraph 76 of the TAC, deny, generally and specifically, the

20  remaining allegations contained therein.

21      77.    In response to paragraph 77 of the TAC, Defendants deny, generally and

22  specifically, each and every allegation in this paragraph.

23      78.    In response to paragraph 78 of the TAC, Defendants deny, generally and

24  specifically, each and every allegation in this paragraph.

25      **TOLLING OF THE STATUTE OF LIMITATIONS**

26      79.    In response to paragraph 79 of the TAC, Defendants deny, generally and

27  specifically, each and every allegation in this paragraph.

28

BRYAN CAVE LLP
Bryan Cave Leighton Paisner LLP
Santa Monica, California 90401-3306

1186172.3

11

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1   80.   In response to paragraph 80 of the TAC, Defendants deny, generally and

2   specifically, each and every allegation in this paragraph.

3   81.   In response to paragraph 81 of the TAC, Defendants deny, generally and

4   specifically, each and every allegation in this paragraph.

5   <u>**CLASS ACTION ALLEGATIONS**</u>

6   82.   In response to paragraph 82 of the TAC, Defendants admit that Plaintiff seeks to

7   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

8   may represent the proposed class, and that Plaintiff or any of the putative class members are

9   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

10   specifically, each and every allegation in this paragraph.

11   83.   In response to paragraph 83 of the TAC, Defendants admit that Plaintiff seeks to

12   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

13   may represent the proposed class, and that Plaintiff or any of the putative class members are

14   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

15   specifically, each and every allegation in this paragraph.

16   84.   In response to paragraph 84 of the TAC, Defendants deny, generally and

17   specifically, each and every allegation in this paragraph.

18   85.   In response to paragraph 85 of the TAC, Defendants deny, generally and

19   specifically, each and every allegation in this paragraph.

20   86.   In response to paragraph 86 of the TAC, Defendants deny, generally and

21   specifically, each and every allegation in this paragraph.

22   87.   In response to paragraph 87 of the TAC, Defendants deny, generally and

23   specifically, each and every allegation in this paragraph.

24   88.   In response to paragraph 88 of the TAC, Defendants deny, generally and

25   specifically, each and every allegation in this paragraph.

26   89.   In response to paragraph 89 of the TAC, Defendants deny, generally and

27   specifically, each and every allegation in this paragraph.

28

11861723                                    12

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

90.     In response to paragraph 90 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

91.     In response to paragraph 91 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

92.     In response to paragraph 92 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

93.     In response to paragraph 93 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

94.     In response to paragraph 94 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

95.     In response to paragraph 95 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## FIRST CLAIM FOR RELIEF

### Violation of Unfair Competition Law

### (California Business and Professions Code § 17200 *et seq.*)

96.     In response to paragraph 96 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

97.     In response to paragraph 97 of the TAC, Defendants admit that Plaintiff seeks to certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff may represent the proposed class, and that Plaintiff or any of the putative class members are entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and specifically, each and every allegation in this paragraph.

98.     In response to paragraph 98 of the TAC, Defendants state the statute speaks for itself. Defendants deny, generally and specifically, each and every remaining allegation in this paragraph.

99.     In response to paragraph 99 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1      100.   In response to paragraph 100 of the TAC, Defendants deny, generally and

2 specifically, each and every allegation in this paragraph.

3      101.   In response to paragraph 101 of the TAC, Defendants deny, generally and

4 specifically, each and every allegation in this paragraph.

5      102.   In response to paragraph 102 of the TAC, Defendants deny, generally and

6 specifically, each and every allegation in this paragraph.

7      103.   In response to paragraph 103 of the TAC, Defendants deny, generally and

8 specifically, each and every allegation in this paragraph.

9      104.   In response to paragraph 104 of the TAC, Defendants deny, generally and

10 specifically, each and every allegation in this paragraph.

11      105.   In response to paragraph 105 of the TAC, Defendants deny, generally and

12 specifically, each and every allegation in this paragraph.

13      106.   In response to paragraph 106 of the TAC, Defendants deny, generally and

14 specifically, each and every allegation in this paragraph.

15      107.   In response to paragraph 107 of the TAC, Defendants deny, generally and

16 specifically, each and every allegation in this paragraph.

17      108.   In response to paragraph 108 of the TAC, Defendants deny, generally and

18 specifically, each and every allegation in this paragraph.

19      109.   In response to paragraph 109 of the TAC, Defendants deny, generally and

20 specifically, each and every allegation in this paragraph.

21      **SECOND CLAIM FOR RELIEF**

22      **Violations of Racketeer Influenced and Corrupt Organizations Act**

23      **(18 U.S.C. § 1962(c))**

24      110.   In response to paragraph 110 of the TAC, Defendants incorporate all statements in

25 response to the preceding paragraphs as if set forth herein.

26      111.   In response to paragraph 111 of the TAC, Defendants admit that Plaintiff seeks to

27 certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

28

1     may represent the proposed class, and that Plaintiff or any of the putative class members are

2     entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

3     specifically, each and every allegation in this paragraph.

4                           **THE RICO ENTERPRISE**

5         112.     In response to paragraph 112 of the TAC, Defendants state the statute speaks for

6     itself. Defendants further state that the allegations are legal conclusions for which no response is

7     necessary. To the extent a response is required, Defendants lack adequate information to admit or

8     deny the allegations, and on that basis deny them.

9         113.     In response to paragraph 113 of the TAC, Defendants deny, generally and

10     specifically, each and every allegation in this paragraph.

11         114.     In response to paragraph 114 of the TAC, Defendants deny, generally and

12     specifically, each and every allegation in this paragraph.

13         115.     In response to paragraph 115 of the TAC, Defendants deny, generally and

14     specifically, each and every allegation in this paragraph.

15         116.     In response to paragraph 116 of the TAC, Defendants deny, generally and

16     specifically, each and every allegation in this paragraph.

17                           **THE PREDICATE ACTS**

18         117.     In response to paragraph 117 of the TAC, Defendants deny, generally and

19     specifically, each and every allegation in this paragraph.

20         118.     In response to paragraph 118 of the TAC, Defendants deny, generally and

21     specifically, each and every allegation in this paragraph.

22         119.     In response to paragraph 119 of the TAC, Defendants state the statute speaks for

23     itself.

24         120.     In response to paragraph 120 of the TAC, Defendants deny, generally and

25     specifically, each and every allegation in this paragraph.

26         121.     In response to paragraph 121 of the TAC, Defendants deny, generally and

27     specifically, each and every allegation in this paragraph.

28

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1        122.    In response to paragraph 122 of the TAC, Defendants deny, generally and

2 specifically, each and every allegation in this paragraph.

3        123.    In response to paragraph 123 of the TAC, Defendants deny, generally and

4 specifically, each and every allegation in this paragraph.

5        124.    In response to paragraph 124 of the TAC, Defendants deny, generally and

6 specifically, each and every allegation in this paragraph.

7        125.    In response to paragraph 125 of the TAC, Defendants deny, generally and

8 specifically, each and every allegation in this paragraph.

9        126.    In response to paragraph 126 of the TAC, Defendants deny, generally and

10 specifically, each and every allegation in this paragraph.

11        127.    In response to paragraph 127 of the TAC, Defendants deny, generally and

12 specifically, each and every allegation in this paragraph.

13        128.    In response to paragraph 128 of the TAC, Defendants deny, generally and

14 specifically, each and every allegation in this paragraph.

15        129.    In response to paragraph 129 of the TAC, Defendants deny, generally and

16 specifically, each and every allegation in this paragraph.

17        130.    In response to paragraph 130 of the TAC, Defendants deny, generally and

18 specifically, each and every allegation in this paragraph.

19        131.    In response to paragraph 131 of the TAC, Defendants deny, generally and

20 specifically, each and every allegation in this paragraph.

21 <u>**THIRD CLAIM FOR RELIEF**</u>

22 **Violation of the Racketeer Influenced and Corrupt Organizations Act, Conspiracy to Violate**

23 **Title 18 United States Code section 1962(c)**

24 **(18 U.S.C. § 1962(d))**

25        132.    In response to paragraph 132 of the TAC, Defendants incorporate all statements in

26 response to the preceding paragraphs as if set forth herein.

27        133.    In response to paragraph 133 of the TAC, Defendants admit that Plaintiff seeks to

28

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1   certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

2   may represent the proposed class, and that Plaintiff or any of the putative class members are

3   entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

4   specifically, each and every allegation in this paragraph.

5        134.   In response to paragraph 134 of the TAC, Defendants deny, generally and

6   specifically, each and every allegation in this paragraph.

7        135.   In response to paragraph 135 of the TAC, Defendants deny, generally and

8   specifically, each and every allegation in this paragraph.

9        136.   In response to paragraph 136 of the TAC, Defendants deny, generally and

10  specifically, each and every allegation in this paragraph.

11  **FOURTH CLAIM FOR RELIEF**

12  **Unjust Enrichment**

13       137.   In response to paragraph 137 of the TAC, Defendants incorporate all statements in

14  response to the preceding paragraphs as if set forth herein.

15       138.   In response to paragraph 138 of the TAC, Defendants admit that Plaintiff seeks to

16  certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff

17  may represent the proposed class, and that Plaintiff or any of the putative class members are

18  entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and

19  specifically, each and every allegation in this paragraph.

20       139.   In response to paragraph 139 of the TAC, Defendants deny, generally and

21  specifically, each and every allegation in this paragraph.

22       140.   In response to paragraph 140 of the TAC, Defendants deny, generally and

23  specifically, each and every allegation in this paragraph.

24       141.   In response to paragraph 141 of the TAC, Defendants deny, generally and

25  specifically, each and every allegation in this paragraph.

26       142.   In response to paragraph 142 of the TAC, Defendants deny, generally and

27  specifically, each and every allegation in this paragraph.

28

1186172.3

17

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

143.     In response to paragraph 143 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

144.     In response to paragraph 144 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## FIFTH CLAIM FOR RELIEF

### Fraud

145.     In response to paragraph 145 of the TAC, Defendants incorporate all statements in response to the preceding paragraphs as if set forth herein.

146.     In response to paragraph 146 of the TAC, Defendants admit that Plaintiff seeks to certify a putative class. Defendants deny that such a putative class may be certified, that Plaintiff may represent the proposed class, and that Plaintiff or any of the putative class members are entitled to any relief from Defendants pursuant to the TAC. Defendants deny, generally and specifically, each and every allegation in this paragraph.

147.     In response to paragraph 147 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

148.     In response to paragraph 148 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

149.     In response to paragraph 149 of the TAC, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny, generally and specifically, each and every allegation contained therein.

150.     In response to paragraph 150 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

151.     In response to paragraph 151 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

152.     In response to paragraph 152 of the TAC, Defendants deny, generally and specifically, each and every allegation in this paragraph.

18

DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1    153.    In response to paragraph 153 of the TAC, Defendants deny, generally and

2    specifically, each and every allegation in this paragraph.

3    154.    In response to paragraph 154 of the TAC, Defendants deny, generally and

4    specifically, each and every allegation in this paragraph.

**AFFIRMATIVE AND OTHER DEFENSES**

6    As separate and distinct affirmative defenses to the allegations in the TAC, Defendants, and

7    each one of Defendants, allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Sufficient Facts to Constitute a Claim)**

10    1.    The TAC, and each and every purported claim therein, fails to allege sufficient facts

11    to state a claim of relief against Defendants, or any of Defendants. Among other reasons,

12    Defendants did not inflate or manipulate Plaintiff's 2004 and 2007 appraisals and did not make any

13    misrepresentations as to the quality and value of the appraisals. Moreover, defendants CFC, BAC,

14    BANA, and LSI were not involved in Plaintiff's loan and appraisal transactions. Furthermore,

15    Plaintiff's claims are time-barred by the applicable statutes of limitations as Plaintiff received her

16    appraisals in 2004 and 2007 and did not conduct reasonable due diligence relating to her detailed

17    appraisal reports.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

20    2.    The TAC is barred, in whole or in part, because any injuries, damages and/or losses

21    suffered by Plaintiff, if any, were the result of the Plaintiff's failure to use reasonable means to

22    review her appraisals and mitigate her damages in this action, and otherwise exercise due and

23    ordinary care on her own behalf by, among other things, failing to inquire about the appraisal

24    charges she now disputes and the contents of the appraisals that she received.

25    ##

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Formatted: Font: 12 pt

28    1186172.3                              19
DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
COMPLAINT

1     3.      Plaintiff lacks standing to assert some or all of her claims against Defendants and to

2  represent any putative class, the existence of which is expressly denied.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4     4.      The TAC is barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5     5.      The TAC is barred, in whole or in part, by the doctrine of laches

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6     6.      The TAC is barred, in whole or in part, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

7     7.      The TAC is barred, in whole or in part, by the doctrine of voluntary payment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8     8.      The TAC is barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

89.      The TAC is barred, in whole or in part, because none of the alleged acts or

omissions of Defendants were the proximate cause of Plaintiff's purported injuries and damages, if

any.

**~~NINTH~~TENTH AFFIRMATIVE DEFENSE**

**(Disclosure, Ratification, Consent)**

910.     The TAC is barred, in whole or in part, because of Plaintiff's ratification,

agreement, acquiescence, or consent to the allegedly inflated appraisals because she received the

detailed appraisal reports in 2004 and 2007.

BRYAN CAVE LLP
Bryan Cave Leighton Paisner LLP
Santa Monica, California 90401-2386

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    ~~TENTH~~ / / /

2                        **ELEVENTH AFFIRMATIVE DEFENSE**

3                          **(Unconstitutional as Class Action)**

4          ~~10~~11.  The class allegations are barred on the ground that if this action is certified as a

5    class action, Defendants' rights under the Fifth and Seventh Amendments of the United States

6    Constitution would be violated.

7                      **~~ELEVENTH~~TWELFTH AFFIRMATIVE DEFENSE**

8         **(Plaintiff and the Alleged Putative Class are Not Similarly Situated)**

9          ~~11~~12.  Given the individual nature of Plaintiff's claims, class certification is inappropriate

10   because Plaintiff and the alleged putative class, the existence of which is expressly denied, are not

11   similarly situated.

12                     **~~TWELFTH~~THIRTEENTH AFFIRMATIVE DEFENSE**

13                      **(Lack of Adequacy of Representation)**

14         ~~12~~13.  Plaintiff cannot maintain this action as a class action because they are not proper

15   representatives of the alleged putative class, the existence of which is expressly denied, and the

16   alleged putative class does not have adequate representation.

17                    **~~THIRTEENTH~~FOURTEENTH AFFIRMATIVE DEFENSE**

18                              **(Conflicting Interests)**

19         ~~13~~14.  Plaintiff has interests that conflict with those of the alleged putative class, the

20   existence of which is expressly denied.

21                    **~~FOURTEENTH~~FIFTEENTH AFFIRMATIVE DEFENSE**

22                              **(Lack of Commonality)**

23         ~~14~~15.  Given the individual nature of Plaintiff's claims, class certification is inappropriate

24   because common questions of law or fact do not predominate over questions affecting only

25   individuals.

26                    **~~FIFTEENTH~~SIXTEENTH AFFIRMATIVE DEFENSE**

27                              **(Lack of Typicality)**

28   ~~1186172.3~~                                    21

Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt
Formatted: Font: 12 pt

1    ~~15~~16.  Given the individual nature of Plaintiff's claims, class certification is inappropriate

2    because her claims are not typical of those of the alleged putative class, the existence of which is

3    expressly denied.

<center>**~~SIXTEENTH~~SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

4

5    <center>**(Lack of Superiority)**</center>

6    ~~16~~17.  Given the individual nature of Plaintiff's claims, class certification is inappropriate

7    because Plaintiff cannot demonstrate that class litigation is superior to other available means of

8    adjudication.

<center>**~~SEVENTEENTH~~EIGHTEENTH AFFIRMATIVE DEFENSE**</center>

9

10   <center>**(Lack of Community of Interest)**</center>

11   ~~17~~18.  There is no community of interest between Plaintiff and the alleged putative class,

12   the existence of which is expressly denied.

<center>**~~EIGHTEENTH~~NINETEENTH AFFIRMATIVE DEFENSE**</center>

13

14   <center>**(Alleged Class is not Easily Ascertainable)**</center>

15   ~~18~~19.  The alleged putative class, the existence of which is expressly denied, is not easily

16   ascertainable.

<center>**~~NINETEENTH~~TWENTIETH AFFIRMATIVE DEFENSE**</center>

17

18   <center>**(Statute of Limitations)**</center>

19   ~~19~~20.  Defendants are informed and believe and on that basis allege that Plaintiff's claims

20   are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to,

21   the statute of limitations set forth in California Code of Civil Procedure sections 337, 338, and 339,

22   California Business and Professions Code section 17208, and *Agency Holding Corp. v. Malley–*

23   *Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (four-year statute of limitations for civil RICO

24   claims), *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four-year statute of limitations

25   for civil RICO claims), *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346-48 (2008) (recovery for

26   unjust enrichment is subject to a three-year statute of limitations); *Denholm v. Houghton Miffin*

27   *Co.*, 912 F.2d 357, 362 (9th Cir. 1990) (fraud claims have a three year statute of limitations).

28   1186172-1                                   22

<center>DEFENDANTS' <u>SECOND</u> AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT</center>

BRYAN CAVE LLP<br>120 Broadway, Suite 300<br>Santa Monica, California 90401-2386

1  ~~TWENTIETH~~/ / /

2                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3                          **(Reservation of Future Defenses)**

4        ~~20~~21.  Defendants hereby reserve the right to amend this pleading to include further

5  affirmative defenses.

6        WHEREFORE, Defendants pray for judgment as follows:

7        1.     That Plaintiff and any putative class take nothing by Plaintiff's TAC and that the

8  same be dismissed with prejudice;

9        2.     That Defendants have judgment entered in their favor;

10       3.     That Defendants be awarded costs of suit; and

11       4.     For such other and further relief as this Court deems proper.

12

13  Dated: ~~June 26, 2017~~August __, 2019       **BRYAN CAVE LEIGHTON PAISNER LLP**

14

15                          By:  _____

16                               ~~Richard P. Steelman Jr.~~Kazim A.
                                 Naqvi
17                               Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

       DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
                              COMPLAINT

**Formatted:** Font: 12 pt

**Formatted:** Font: 12 pt

**Formatted:** Font: 12 pt
**Formatted:** Font: 12 pt
**Formatted:** Right: 0.02", Line spacing: Exactly 12 pt
**Formatted:** Font: 12 pt
**Formatted:** Font: 12 pt
**Formatted:** Font: 12 pt
**Formatted:** Font: 12 pt
**Formatted:** Font: 12 pt