**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, et al.,<br><br>        Defendants. | Case No. 2:13-cv-08833-CAS-AGRx *lead case*<br>(Consolidated with Case No. 2:16-cv-04166-CAS-AGRx)<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING, AND ADMINISTRATION<br><br>Date:  March 30, 2020<br>Time:  10:00 a.m.<br>Dept:  8D (8th Floor)<br>Judge: Hon. Christina A Snyder<br>          350 W. First Street<br>          Los Angeles, CA 90012 |
| ELIZABETH WILLIAMS, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, *et al.*<br><br>        Defendants. | |

**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING, AND ADMINISTRATION**

Upon consideration of the Parties' Settlement Agreement dated January 17, 2020 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in the above-captioned Consolidated Actions (the "Actions"), IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Approval is GRANTED. The Court FURTHER ORDERS AS FOLLOWS:

1. The Settlement Agreement and its exhibits are hereby incorporated by reference in this Order ("Order") as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For purposes of the Settlement, the Class shall be defined as all residents of the United States who, during the period of January 1, 2003 through December 31, 2008, made a mortgage loan application to Countrywide in connection with which LSA obtained an appraisal, excepting those persons who are Successful Opt-Outs. This definition is intended to encompass all persons who made any inquiry, expressed an interest in, or applied for credit, including but not limited to applications within the meaning of the Equal Credit Opportunity Act, so long as LSA obtained an appraisal in connection with it. The Court also finds that this definition embraces the same persons who were originally (a) defined as part of the class when it certified the nationwide RICO class and Texas subclass in its Certification Order, and (b) identified on the Earlier Class Member List (as that term is defined in the Agreement) of those who were previously given mailed notice concerning these Actions after the nationwide class and Texas subclass were certified. Subject to further consideration at the Court Approval Hearing described in paragraph 13 below, this Court finds that the Class meets the pertinent requirements of FED. R. CIV. P. 23 for purposes of the Settlement.

3. For purposes of the Settlement, and after considering the pertinent factors in FED. R. CIV. P. 23, Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy shall continue to be designated as the representatives of the Class (the "Representative Plaintiffs").

4. For purposes of the Settlement, and after considering the relevant factors in FED. R. CIV. P. 23 and for the reasons set forth in the Certification Order, the following attorneys are appointed as Class Counsel:

| | |
|---|---|
| Roland Tellis (SBN 186269)<br>Daniel Alberstone (SBN 105275)<br>Mark Pifko (SBN 228412)<br>Evan Zucker (SBN 266702)<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California 91436<br>Telephone: (818) 839-2333 | Steve W. Berman (*pro hac vice*)<br>Hagens Berman Sobol Shapiro LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, Washington 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>Christopher R. Pitoun (SBN 290235)<br>Hagens Berman Sobol Shapiro LLP<br>301 North Lake Avenue, Suite 920<br>Pasadena, California 91101<br>Telephone: (213) 330-7150 |

5. For purposes of the Settlement, Epiq Systems, Inc. is approved and designated as the Settlement Administrator.

6. Pursuant to FED. R. CIV. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Actions, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration at the Court Approval Hearing described in paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7. Pursuant to the terms of the Settlement Agreement, Representative Plaintiffs and Class Counsel are hereby directed to cause the Settlement Administrator to provide notice of the Settlement to Class Members consistent with the notice plan and deadlines set forth in the Agreement. Toward that end, within ten (10) business days after the Preliminary Approval Date, the Settlement Administrator shall (a) begin the process of mailing the Postcard Notice, substantially in the form of the document attached to the Agreement as part of Exhibit B, to each Class Member using the Updated Class Member List, and shall complete that process as soon as practicable; (b) cause Publication Notice, substantially in the form of Exhibit C to the Agreement, to be disseminated and published according to the notice plan described in Plaintiffs' Motion for Preliminary Approval; (c) cause the Class Notice and this Settlement Agreement to be made available on the dedicated settlement website named www.waldrupwilliamsappraisallawsuit.com already administered by the Settlement Administrator. Before mailing and publication, the Settlement Administrator shall fill in all applicable dates and deadlines in the Postcard Notice, Class Notice, and Publication Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Postcard Notice, Class Notice, and/or Publication Notice in a reasonable manner before mailing to minimize mailing, publication, and/or administration costs.

8. If any Postcard Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Postcard Notice immediately to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall provide Class Counsel with the name and address of any affected Class Member. For such Class Members, Class Counsel may, in their discretion and at their own cost and expense apart from the Settlement Amount, attempt to obtain additional address information for the Class Member and provide it to the Settlement

Administrator, as provided for in paragraph 2.06 of the Settlement Agreement. The Settlement Administrator shall re-mail the Postcard Notice to Class Members at any updated address provided by Class Counsel. Other than as set forth above, Representative Plaintiffs, Class Counsel, Defendants, and the Settlement Administrator shall have no other obligation to re-mail Postcard Notices returned by the Postal Service as undeliverable.

9. The Court finds that the Settlement Agreement's plan, as further set forth in Plaintiffs' Motion for Preliminary Approval, for direct mail and publication notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23. That plan is approved and accepted. This Court further finds that the Postcard Notice, Class Notice, and Publication Notice comply with FED. R. CIV. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted, and authorized for dissemination or publication. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Actions.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice and Publication Notice, postmarked no later than June 15, 2020. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property upon which an appraisal bringing the Class Member within the scope of the Class was obtained by LSA in connection with a Loan; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Consolidated Actions (i.e., conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent

to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement.  Statements generally objecting to the Settlement or to specific terms of the Settlement but which do not clearly express an intent to opt out as set forth above are not valid Opt-Outs. In those cases where a Class Member includes persons who were co-obligors, co-borrowers, or co-applicants on the same Loan, the Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors or co-applicants elect to opt out. In the event a Class Member is a Class Member as to more than one Loan, the Opt-Out may specify that the Class Member is opting out as to fewer than all Loans made to that Class Member by expressly stating so in the Opt-Out and specifically identifying the Loans as to which the Class Member is opting out.  In the absence of such specification, the Opt-Out shall be construed as a request to opt-out as to all of the Class Member's Loans. No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out Class Members as a group, aggregate, or class involving more than one Class Member, or opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Class Member. Opt-Outs for a Class Member may, however, be prepared and mailed by counsel for that Class Member, subject to the other limitations of this paragraph. Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release and any Final Order and Judgment entered in the Actions. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

11. At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendants, and the Settlement Administrator shall create a comprehensive list of

Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs.

12. Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement must serve a written objection to the Settlement ("Objection") upon Class Counsel and Counsel for the Defendants, and file the Objection with the Court, on or before June 15, 2020. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property upon which an appraisal bringing the Class Member within the scope of the Class was obtained by LSA in connection with a Loan; (c) state that the Class Member objects to the Settlement, in whole or in part; (d) state whether the Class Member's Objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class; (e) state the legal or factual grounds for each Objection with specificity; and (f) provide copies of any documents that the Class Member wishes to submit in support of his or her position. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and any order of the Court shall not be treated as having filed a valid Objection to the Settlement. Further, Counsel asserting an Objection on behalf of a Class Member(s) shall (a) file a notice of appearance with the Court before the Objection Deadline; (b) file a sworn declaration with the Court by the Objection Deadline attesting to his, her or their representation of each Class Member on whose behalf the Objection is filed; (c) file a sworn declaration with the Court by the Objection Deadline stating the number of times during the prior five (5) year period counsel have filed objections to a class action on settlement on their own behalf or on behalf of a class member; and (d) comply with each of the requirements for an Objection set forth above.

13. A hearing (the "Court Approval Hearing") shall be held before the undersigned at 10:00 a.m. on July 13, 2020, in the United States District Court for the Central District of California, 350 W. 1st St., Los Angeles, California, 90012, to determine, among other things, (a) whether the proposed Settlement should be approved

as fair, reasonable and adequate, (b) whether the Actions should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorneys' Fees/Litigation Cost Award to be made to Plaintiffs' Counsel, if any, upon application pursuant to paragraph 2.18 of the Settlement Agreement, and (f) the amount of any Class Representative Award to be made to Representative Plaintiffs, if any, upon application pursuant to paragraphs 2.20 to 2.22 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Class.

14. Any application for an Attorney Fee/Litigation Cost Award by Plaintiffs' Counsel, as well as any application for a Class Representative Award shall be filed with the Court no later than May 11, 2020. Representative Plaintiff's motion for final approval of the Settlement shall be filed by the same date. Any other submissions by Representative Plaintiff or Defendants concerning the Settlement, shall be filed no later than fourteen (14) days before the Court Approval Hearing.

15. It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether pro se or through counsel, must file a notice of appearance in the Actions, and mail and postmark, or hand-deliver, the notice and other pleadings to Class Counsel and Counsel for the Defendants, on or before June 15, 2020.

16. Any Class Member who wishes to file a motion or any other paper in the Actions must file the motion or other paper with the Court, and contemporaneously mail and postmark, or hand-deliver, to Class Counsel and Counsel for the Defendants, the motion or other paper, together with any and all supporting pleadings or documents, on or before June 15, 2020.

17. Without prior leave of the Court, no Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, motion, or other paper, but failed to raise.

18. Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, including the disbursement of the Settlement Administration Costs to the Settlement Administrator and Defendants' provision of notice of the Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, respectively, to the extent not inconsistent herewith.

20. The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

21. All proceedings in the Actions, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Actions, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in these Actions for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiffs or the Class Members that their claims lack merit or that the relief requested in this Actions is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall

1  this Order or any aspect of the Settlement be construed or used to show that certification
2  of one or more classes is required or appropriate if the Actions were to be litigated rather
3  than settled.
4      23.   Neither the Settlement nor the Settlement Agreement constitutes an
5  admission, concession, or indication by the Parties of the validity of any claims or
6  defenses in the Actions or of any wrongdoing, liability, or violation of law by
7  Defendants, all of which deny all of the claims and allegations raised in the Actions.
8      24.   The Court reserves the right to approve the Settlement with such
9  modifications, if any, as may be agreed to by Class Counsel and Counsel for the
10 Defendants and without further notice to the Class Members.
11     25.   Pending this Court's decision on whether to finally approve the Settlement of
12 the Actions, Representative Plaintiffs, all Class Members (excepting those who are
13 Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel are preliminary enjoined
14 from commencing, prosecuting, or assisting in any lawsuit against the Released Persons
15 that asserts or purports to assert matters within the scope of the Release.
16     26.   The Parties shall meet and confer in good faith to resolve any dispute
17 concerning the Settlement Agreement and/or this Order and, to the extent any such
18 dispute cannot be resolved between them, present the matter to this Court for resolution.
19 **IT IS SO ORDERED.**
20
21 Dated: March 30, 2020
22                                             HON. CHRISTINA A. SNYDER
                                            UNITED STATES DISTRICT JUDGE